North Point Con. Irrig. Co. v. Canal Co. et al.

| 23 | 199 |
|----|-----|
| 27 | 474 |

| 23 | 199 |
|----|-----|
| 35 | 189 |

# THE NORTH POINT CONSOLIDATED IRRIGATION COMPANY, a Corporation, Respondent, v. THE UTAH AND SALT LAKE CANAL COMPANY, THE SOUTH JORDAN CANAL COMPANY, and the NORTH JORDAN IRRIGATION COMPANY, Appellants.

INJUNCTION PROCEEDING—DAMAGES—RESERVED FOR FUTURE HEARING—JUDGMENT FOR DEFENDANT—REVERSED—SUPPLEMENTAL COMPLAINT—FOR ADDITIONAL DAMAGES—ALLOWABLE—FINAL JUDGMENT—INJUNCTION SUIT—APPEAL—PLEADING—DAMAGES—GENERAL ALLEGATION—WHAT RECOVERABLE UNDER—SPECIAL DAMAGES—WHAT ARE—HOW STATED—MEASURE OF DAMAGES—WHEN NO RULE OF LAW—WITHIN PROVINCE OF JURY—LOSS OF WATER—BY WRONGFUL ACT—MEASURE OF DAMAGES—WRONGFUL ACT—IN NATURE CONTINUOUS—PRESUMPTION OF CONTINUITY—DAMAGES—UNDER GENERAL ALLEGATION.

1. INJUNCTION PROCEEDING: DAMAGES: RESERVED FOR FUTURE HEARING: JUDGMENT FOR DEFENDANT: REVERSED: SUPPLEMENTAL COMPLAINT: FOR ADDITIONAL DAMAGES: ALLOWABLE. Where, in an equitable action for an injunction, damages are claimed, the court may order, on the stipulation of counsel, that the question of damages be reserved for hearing after the determination of the equitable issues; and although the lower court may have decided for the defendant, yet if the case is wholly reversed and plaintiff's rights determined by the Supreme Court, the plaintiff has a right to file a supplemental complaint alleging and setting forth his damage since the action was commenced, and to make proof under it.[1]

2. FINAL JUDGMENT: INJUNCTION SUIT: APPEAL. In an action for an injunction and for damages, a judgment for defendant after a hearing on the injunction, is a final judgment from which an appeal will lie because it has disposed of the entire case as to plaintiff, his claim for damages resting on the tort he is seeking to enjoin.

[1] Previous appeal of this case, 16 Utah 246.

3. PLEADING: DAMAGES: GENERAL ALLEGATION: WHAT RECOVERABLE UN-
DER. The plaintiff, who makes a case for damages, is entitled to re-
cover all damages which are the natural and proximate consequence
of and traceable to the act complained of, under the general allega-
tion of damage in the complaint.[2]

4. SPECIAL DAMAGES: WHAT ARE: HOW STATED. Only those damages
which are not the probable and necessary result of the injury are
termed special, and are required to be stated specially in the com-
plaint.

5. MEASURE OF DAMAGES: WHEN NO RULE OF LAW: WITHIN PROVINCE OF
JURY. Where, from the nature of the action, as in personal torts the
law furnishes no rule for the measurement of damages, their assess-
ment is peculiarly within the province of the court or jury.

6. LOSS OF WATER: BY WRONGFUL ACT: MEASURE OF DAMAGES. A meas-
ure of damages for the loss of the use of water by the wrongful acts
of another, is the value of the water in the market for irrigation
purposes.

7. WRONGFUL ACT: IN NATURE CONTINUOUS: PRESUMPTION OF CONTI-
NUITY: DAMAGES: UNDER GENERAL ALLEGATION. Where a wrongful
act in its nature continuous, and which results in an injury to an-
other, is once shown, the presumption follows that it continues until
the contrary appears, and damages which are the natural and proxi-
mate consequence of the wrongful act and result from it, may be
recovered by the injured party by showing his right and the amount
of damages resulting from being deprived of it, under the general
allegation for damages in a complaint.

## Decided January 30, 1901.

Appeal from the Third District Court Salt Lake County.—
*Hon. Ogden Hiles,* Judge.

Action by way of a supplemental complaint in an injunc-
tion proceeding wherein the equitable issues were first tried and
determined in plaintiff's favor for the purpose of obtaining
damages. From a judgment for plaintiff defendants appealed.

[2]Croco v. O. S. L. R. R., 18 Utah 311.

North Point Con. Irrig. Co. v. Canal Co. et al.

AFFIRMED.

*Messrs. Richards & Varian* for appellants.

The decree entered June 20, 1898, upon the remittitur from this court, was the final decree in this case, and, by its execution, the plaintiff waived all right to damages.

"All damages that are the natural and necessary consequences of a nuisance may be recovered in a general allegation of damage; but damages that, although the natural, are not a necessary consequence, must be specially alleged or no recovery can be had therefor. The rule may, perhaps, be stated thus: General damages are such as are the necessary consequences of an act, but damages that are the natural, although not the necessary, consequence of an act are special, and must be specially averred." Wood on the Law of Nuisance, Section 871.

In First Sutherland on Damages, at section 420, the author lays down the rule as follows:

"To recover for loss or injury to business there must be a statement of facts from which such loss must arise and the allegation of a loss of that kind." Citing Wampach v. St. Paul Ry. Co., 21 Minn. 364; Agnew v. Johnson, 22 Penn. St. 471; Spencer v. St. Paul Co., 21 Minn. 363; Plimpton v. Garniner, 64 Maine 360; Taylor v. Dustin, 43 N. H. 493; Potter v. Frement, 47 Cal. 165; Dickinson v. Boyle, 17 Pick. 78; Parker v. Lowell, 11 Gray 353; Adams v. Barry, 10 Idaho 361.

*E. W. Taylor, Esq., Messrs. C. F. & F. C. Loofbourow,* and *Messrs. John M. Zane* and *L. R. Rogers,* of counsel for respondent.

The question whether the plaintiff was entitled to any damage depended entirely on how the equitable issues were settled.

The books are full of instances where successful decrees have been entered in the same case, as a result of a hearing of a part of the issues in the case and a reservation of the remainder. We cite the following as illustration: Encyclopedia of Pleading and Practice, vol. 5, page 951, also note 5, same page; Teaff v. Hewitt, 1 Ohio State 519; Forgay v. Conrad, 6 How. 201.

Did the trial court err in permitting plaintiff to file a supplemental complaint?

Section 2998 Code of Civil Procedure provides for the filing of a supplemental complaint alleging facts material to the case which have happened since the filing of the former pleading.

It is a well settled rule that multiplicity of suits and the splitting up of action should be avoided when possible. Ency. of Law (2 Ed.), vol. 8, pp. 678-679; Ency. of Pleading and Practice, vol. 5, p. 714.

"So, also, where, by reason of delay in terminating the action, further damages have accrued to the plaintiff he may recover beyond the amount of damages alleged." Numbers v. Bowser, 29 Ind. 493; Webb v. Thompson, 23 Ind. 428.

That respondent has been wholly deprived of the use of its property during and since 1892 by the acts of appellants.

The proposition therefore becomes, out of necessity, one of general damage and in its most simple forms, to-wit, the assessment of damages that will adequately reimburse respondent for being deprived of the entire use of its property during 1892 and for each and every year since to and including 1898.

There is no set rule laid down by any of the courts for establishing general damages. Brigham v. Carlisle, 56 Am. Rpt. 28; 75 Am. Dec. 628.

When there is no legal measure of damages the amount is left to the sound discretion of the court. Aldrich v. Palmer,

24 Cal. 513; Little v. Tingle, 26 Ind. 168; Morris v. Chicago etc, 45 Iowa 29; Chopin v. New O. R. R., 17 La. Ann. 19; Southern Ry. Co. v. Kendrick, 90 Am. Dec. 332; Wood Nuisance (2 Ed.), sec. 866.

The rule of general damage to this court is not a new one, as in former cases it has settled and determined it the same as other states have done, and in accordance with the principles above enunciated. Lashus v. Chamberlain, 6 Utah, 387; Fair v. Griffith, 9 Utah, 416.

The rule universally is that, the question of damages is a matter of discretion for the jury or trial court and when the trial court will not set aside the verdict, the appellate court is very reluctant to substitute its judgment for that of the trial court. To such an extent is the measure of recovery where not susceptible of pecuniary estimate deemed a matter of discretion for the trial court or jury, *that the universal rule is that a judgment will not be reversed unless it be indicative of prejudice, passion, partiality or corruption on the part of the court below.* 69 Fed. Rep. 185; 110 Cal. 513; 84 Ga. 211; 123 Ind. 334; 45 Kan. 653; 42 La. Ann. 997; 40 Mo. App. 674; 7 Ohio Dec. 169; 92 Va. 627; 65 Wis. 409; 114 Ala. 152; 72 Fed. Rep. 488; 120 Ill. 83; 98 Iowa 483; 90 Ky. 369; 62 Minn. 71; 14 N. Y. Mis. 394; 61 Tex. 483; 13 Wash. 341.

PER CURIAM.—The original action upon which these proceedings are predicated was commenced in November 1895, wherein the plaintiff claimed the ownership of certain dams, flumes, ditches, water rights, and water and that the defendants had deprived it of the use and enjoyment of the same since 1892, and still deprived it of the use and enjoyment of its property, and prayed for an injunction and for damages. The equitable issues, only, arising under the complaint, were tried in the court below, and the question of damages was expressly

reserved for hearing after the determination of the equitable issues. A decree was rendered for the defendants. On appeal to this court the decree of the lower court was reversed and a decree directed to be entered in favor of the plaintiff, with costs. Thereafter a supplemental complaint was filed, charging that continuously since November, 1895, to June, 1898, defendants had discharged into plaintiff's irrigation system, foul and impure seepage and drainage water through a drain ditch by them constructed and maintained from Decker's Lake to White Lake, as charged in the original complaint, by reason of which the plaintiff was wholly deprived of the use of its irrigation system during the period aforesaid, to its damage in the sum of $30,000.

Upon the trial of the legal issues, involving the question of damages the appellants (defendants below) claimed that the court erred in overruling their objection to the further trial or consideration of any issue as to damages, because the court had no jurisdiction to proceed in the premises a final decree having been entered for an injunction and costs.

It is clear from the record that only the equitable issues involved in the case were first tried and decided, and it is equally clear that by agreement of counsel, entered of record, and recited in the decree of the court below, the question of damages was reserved for hearing after the determination of the equitable issues.

The first decree of June 21, 1895, on the equitable issues was final upon the issues submitted, tried and determined, but as to the question of damages which had been expressly reserved for determination until after the equitable issues were disposed of, it was not final until the issue as to damages had been tried. The court very properly left the question of damages until after the main question was determined. The fact that costs had been taxed on the first hearing on appeal and paid

on execution, does not change the rule, nor deprive the respondent of its right to proceed to a final hearing of its case as to damages.

Upon the first hearing, the district court rendered its decree in favor of the defendants upon the equitable issues. If this decree had not been reversed, it would have been final as to damages. In that case there would have been no other question to try. That decree found against the plaintiff. Upon appeal the decree was reversed and one entered for the plaintiff. The first decree was final as it disposed of the litigation between the parties against the plaintiff, and an appeal would lie from that judgment. If the plaintiff had no equitable rights under the complaint, it would follow that it was entitled to no damages, as the latter were predicated upon the former, and costs would follow the determination of the case in the Supreme Court, because that determination wholly reversed the case and established plaintiff's right in the premises. The next step was to proceed to a hearing upon the remaining issues that were expressly reserved at the first hearing. But for the reversal by this court there would have been no other issue to try.

The amended complaint was filed November 1895. The decree for injunction was entered June 21, 1898. The plaintiff had been deprived of the use of its property since and including 1892. The supplemental complaint was filed March 13, 1895, under the provisions of section 2998, R. S., and embraced damages prior to that date.

We find no error in permitting the supplemental complaint to be filed, nor in allowing proof under it.

No claim for special damages was made, as appears from the complaint, but it is claimed that the plaintiff has been damaged in its said property, and in its use thereof aforesaid. Plaintiff claims that the loss of the use by the befoulment

of the water in the irrigating ditch is the obvious and necessary consequence of the act complained of, and that it was unnecessary to aver or prove special damages.

This position is controverted by the appellants, who also contend that the evidence is insufficient to support the decree, in that there is no evidence of any damage shown.

In Croco v. Oregon Short Line, 18 Utah 311, this court held the proper rule to be that "The plaintiff is always entitled to recover all damages which are the natural and proximate consequence of, and are traceable to the act complained of and those damages which are probable, traceable to, and necessarily result from the injury are termed general, and may be shown under the general allegation of the complaint. Only those damages, which are not the probable and necessary result of the injury are termed special, and are required to be stated specially in the complaint." 3 Suth. on Damages, (2 Ed.) 2261-2; Johnson v. McKee, 27 Mich. 471.

We are of the opinion that the plaintiff was entitled to recover all damages which were the natural, obvious and proximate consequence and result of the act complained of, under the general allegation for damages. Where, from the nature of the action, as in personal torts, the law furnishes no rule for the measurement of damages, their assessment is peculiarly within the province of the court or jury. Wood on Nuisances, (2 Ed.) 866; Aldrich v. Palmer, 24 Cal. 513.

It is contended here that the measure of damages for the loss of the use of the water by the wrongful acts of the appellants is measured by the value of the water so lost or its use destroyed.

Handforth v. Maynard, 154 Mass. 414, was an action for damages for the loss of ice occasioned by the defendant drawing the water from a pond, and the court held, that "the true measure of his damages was the value of his right to harvest

the ice upon the pond and so make it his property at the time when the ice was destroyed, and plaintiff's right made worthless by the defendant's act."

In Farr v. Griffith, 9 Utah 419, it is held that in a suit for damages for flooding certain ice ponds used for putting up ice, the measure of damages will be the value of the ice that might have been put up with reasonable diligence, less the cost of putting it in the ice house.

The testimony in this case is very voluminous, and when considered together with the findings of fact as directed by this court, and which were placed in evidence, tends to show that the respondent owns and has operated a large system for irrigation; that a large quantity of land, consisting of several thousand acres owned by the respondent's stockholders and others is under this system, and is capable of irrigation, and all were dependent upon this canal for irrigation; that up to 1892 its waters flowing through its ditches were used for irrigation and domestic purposes; that much of the land under plaintiff's canal would be productive and valuable if irrigated with suitable water; that its ditches carried about 90 cubic feet of water per second, and prior to 1892 irrigated about 9,000 acres of land, and that the reasonable yearly market value of the water from 1892 to 1898 inclusive for irrigation purposes, had it not been befouled, ranged from fifteen to twenty-four thousand dollars, or as some witnesses expressed it about $1.80 per acre; that there were homestead and desert claims and other land that was and could be watered from the ditches since 1892; that owing to the drainage system, artificially constructed by the appellants, quantities of foul, impure, mineralized, seepage and drainage water, destructive to vegetation, was wrongfully discharged into the respondent's system of ditches by the appellants, which deprived the respondent of the use of its water, and rendered it unfit for domestic and irrigation purposes during

the irrigating seasons since and including 1892, and that the said befouled water was emptied into respondent's canal and became a nuisance.

A statement of the facts embraced in the former hearing, and the orders and findings as directed, will be found in 16 Utah 246, to which reference is had.

Where a wrongful act in its nature continuous, is once shown, which results in an injury to another, the presumption follows that it continues until the contrary appears, and damages which are the natural and proximate consequences of the wrongful act and result from it, may be recovered by the injured party, by showing his right and the amount of damages resulting from being deprived of it, under the general allegation for damages in a complaint.

Respondent was deprived of the use of the water in its system of ditches by the wrongful acts of the appellants.   What the water was worth in the market for irrigation purposes was a proper inquiry.

Under this state of facts we are of the opinion that the evidence is sufficient to sustain the findings and judgment. We find no reversible error in the record.   The judgment of the district court is affirmed, with costs.

*Baskin, J.,* dissents.