428        SUPREME COURT OF UTAH        [Sept.

Utah Oil R. Co. v. Dist. Court, 60 Utah 428

## UTAH OIL REFINING CO. v. DISTRICT COURT OF SALT LAKE COUNTY et al.

No. 3852.   Decided September 15, 1922.   (209 Pac. 624.)

1. STIPULATIONS—DEFERRING HEARING ON ISSUE OF DAMAGES IN IN-
JUNCTION ACTION DID NOT DEFEAT COURT'S RIGHT TO DETERMINE
ISSUE.   Where, in an action for injunction, the damage issue
was deferred, by stipulation, to be tried later, and an order
made that plaintiffs might later file an amended complaint with
respect to the issue of damages, after appeal from the decree
of injunction, the court did not lose jurisdiction because the
damage issue was not tried during the term at which injunction
was granted and no application under Comp. Laws Utah 1917,
§ 6619, was made within six months after the term.[1]

2. STIPULATIONS—STIPULATION AND ORDER GAVE DEFENDANT RIGHT
TO SET UP DEFENSE ON DEFERRED ISSUE OF DAMAGES.   Where, in
an action for injunction, the issue of damages was deferred, by
stipulation, and an order made that plaintiffs might later file
an amended complaint with respect to the damages, that order,
without expressly so stating, extended the time within which
defendant might set up any defenses it might have.

3. PARTIES—IN INJUNCTION ACTION REDUCED TO ONE FOR DAMAGES,
ALL PERSONS DAMAGED PROPER PARTIES.   Where an injunction
action has been reduced to one for damages, all parties injured
by the wrongs complained of should be permitted to come into
the action and set up their damages.[2]

4. JUDGMENT—WHERE DAMAGE ISSUE DEFERRED IN INJUNCTION AC-
TION, JUDGMENT NOT RES JUDICATA AS TO DAMAGES.   In an action
for injunction, where, by stipulation, the issue as to damages
was deferred, the judgment granting the injunction was not
res judicata as to damages.

Original application for prohibition by the Utah Oil Re-
fining Company against the District Court of Salt Lake Coun-
ty and another.

---

[1] *North Point Con. Irr. Co.* v. *Canal Co.*, 16 Utah, 246, 52 Pac.
168, 40 L. R. A. 851, 67 Am. St. Rep. 607; Id., 23 Utah, 199, 63 Pac.
812.

[2] *Kinsman* v. *Utah Gas & Coke Co.*, 53 Utah, 10, 177 Pac. 418.

Alternative writ QUASHED, and permanent writ DENIED.

*Ball, Musser & Robertson,* of Salt Lake City (*Ogden Hiles,* of Salt Lake City, of counsel), for plaintiff.

*H. L. Mulliner,* of Salt Lake City, for defendants.

FRICK, J.

The Utah Oil Refining Company, hereinafter called company, filed its application in this court for an alternative writ of prohibition against the district court of Salt Lake county, hereinafter styled defendant, requiring said court to show cause why a peremptory writ of prohibition should not be issued to prohibit it from proceeding to hear and determine the issue respecting damages in a certain action wherein one George H. Horne and others are plaintiffs and the company herein is the defendant.

The application is quite voluminous, and, in view that the facts upon which it is based can be stated in a few sentences, we deem it unnecessary to set forth the averments of the application at length.

An alternative writ was duly issued as prayed, to which an answer was duly filed by the defendant.

There being no dispute respecting the facts, the matter was submitted to this court upon the application of the company, the answer of the defendant, and the printed briefs filed by the respective parties which were supplemented by oral arguments.

The application is predicated upon substantially the following facts and circumstances:

In July, 1920, the said George H. Horne and about 110 others, as plaintiffs, commenced an action in the district court of Salt Lake county against the company herein. The purpose or object of said action was to obtain an injunction against the company for certain wrongs which it was alleged it had committed and was continuing to commit against the water rights of the parties plaintiff in said action, and in

430 ·      SUPREME COURT OF UTAH      [Sept.

Utah Oil R. Co. v. Dist. Court, 60 Utah 428

connection therewith plaintiffs sought to recover the damages which they alleged they had sustained and continued to suffer by reason of the alleged wrongs. That case, after many motions and preliminaries, finally came on for trial and was tried in said district court. The record of the proceedings of the trial of said cause, together with the judgment or decree entered therein, are made a part of the record in this proceeding. From the decree in that case it is made to appear in substance that the parties to said action stipulated that the court proceed to try the issue respecting plaintiffs' right to an injunction first and to determine whether the plaintiffs were entitled to injunctive relief, and that the hearing upon the issue respecting damages be deferred and tried at some later time. The court also made findings in said action to the effect that in view that the wrongs complained of were continuous and the damages arising therefrom were of such a nature that plaintiffs could not set them forth in detail in their complaint at the beginning of the action, further that the nature of the wrongs was such that they affected numerous parties and unless all interested parties were made parties to that action it would result in a multiplicity of suits or actions against the company, the court, therefore, in that action, prooceeded to hear the issue respecting the plaintiffs' right to injunctive relief only and deferred the issue of damages. The court, however, also made an order that plaintiffs might later file an amended or supplemental complaint with respect to the issue of damages, and that all the parties who were affected by the alleged wrongs of the company might come into the action as plaintiffs and set forth their damages in proper pleadings. The court accordingly entered a decree perpetually enjoining the company from continuing the wrongs complained of by the plaintiffs in that action and left the issue respecting damages entirely undetermined. The company appealed from the judgment or decree enjoining it as aforesaid to this court. The case was duly submitted to this court, and the judgment of the district court was affirmed. *Horne* v. *Utah Oil Refining Co.*, 59 Utah, 279, 202 Pac. 815. The cause received most careful consideration by

this court, as appears from the exhaustive opinion of Mr. Justice Thurman, both upon the original submission and again upon application for a rehearing. In view that the facts and issues are fully stated in that opinion, we refer the reader thereto rather than to repeat them here.

The gist of the company's contention in this proceeding is that in view that the district court did not try and determine the issue of damages during the term of court at which the injunction was granted, and for the reason that no application under Comp. Laws Utah 1917, § 6619, was made within six months after the term at which the injunctive relief was granted and the decree was entered, the district court lost jurisdiction of the case and cannot now legally proceed to hear and determine the issue of damages or any other issue in said cause which it threatens to do and which it will do unless prohibited by this court.

While it is true that ordinarily all of the issues in a particular case must be tried and determined at the time that a case is heard and that an issue not presented or tried at such time is, nevertheless, deemed res adjudicata and cannot be reopened, yet there are exceptions to that rule which are as well established as the rule itself. This court has had occasion to pass upon that identical question in the case of *North Point Con. Irr. Co.* v. *Canal Co.*, 23 Utah, 199, 63 Pac. 812. In that case two issues were presented, one equitable for injunctive relief and the other legal for damages. The district court in that case heard and determined the equitable issue and deferred the hearing upon the issue for damages until a later time. That case was appealed to this court twice. The first appeal is found in 16 Utah, 246, 52 Pac. 168, 40 L. R. A. 851, 67 Am. St. Rep. 607, on which appeal the judgment of the district court was reversed and the cause was remanded with directions. The second appeal is reported in 23 Utah, 199, 63 Pac. 812, supra. On the second appeal this court, after stating the facts from which it is made to appear that the case in legal effect was one like the case at bar in that the plaintiff prayed for injunctive relief and in connec-

tion therewith also sought to recover damages for the wrongs suffered by it, proceeds as follows:

"Upon the trial of the legal issues, involving the question of damages the appellants (defendants below) claimed that the court erred in overruling their objection to the further trial or consideration of any issue as to damages, because the court had no jurisdiction to proceed in the premises a final decree having been entered for an injunction and costs.

"It is clear from the record that only the equitable issues involved in the case were first tried and decided, and it is equally clear that by agreement of counsel, entered of record, and recited in the decree of the court below, the question of damages was reserved for hearing after the determination of the equitable issues.

"The first decree of June 21, 1895 [1898], on the equitable issues was final upon the issues submitted, tried and determined, but as to the question of damages which had been expressly reserved for determination until after the equitable issues were disposed of, it was not final until the issue as to damages had been tried. The court very properly left the question of damages until after the main question was determined. The fact that costs had been taxed on the first hearing on appeal and paid on execution, does not change the rule, nor deprive the respondent of its right to proceed to a final hearing of its case as to damages."

Counsel for the company seek to avoid the force of that decision for the alleged reason that in that case the damages were fully pleaded, which, they contend, is not the fact in the case at bar. In that connection they also urge that in view that the case at bar was not determined during the term at which the injunctive relief was entered and no application was ever made as provided in section 6619 before referred to, the company is prejudiced for the reason that it is not permitted to set up a counterclaim to the cause of action that may be set forth by the plaintiffs in their "amended and supplemental complaint." In our opinion, neither the first nor the second reason is tenable. The mere fact that the judgment was reversed in the *North Point* Case and that that case was remanded with directions in no way affects the legal propositions involved here.

Nor is there any merit whatever in the contention that the company, as the defendant in that action, is now precluded from setting up any counterclaim or defense it may have to

the causes of action that may be pleaded or that are pleaded by the plaintiffs in that action. The district court having expressly reserved the issue respecting the damages, and having explicitly found that the plaintiffs in that action, at the time of filing their complaint, were, for the reasons stated in the findings, unable to fully set forth the facts respecting the issue of damages and for that reason the court gave them permission to plead more specifically at some future time when that issue came on for trial, necessarily also deferred the question of pleading any defenses by the company as well as the hearing upon the issue of damages. It also follows as a necessary corollary that in view that the court extended the plaintiffs' time to plead it also, without expressly so stating, extended the time within which the company might set up and file any defenses, including counterclaims, it may have to plaintiffs' causes of action. The company cannot be prejudiced in any legal right it may have by the court's action in deferring the trial of the issue of damages in that action. If the plaintiffs in that action are given time to plead or to amend their pleadings already on file, the company must be accorded the same right to file its answer and counterclaim if it has any.

Nor is there any merit to the contention that the district court is powerless or without jurisdiction to permit new parties to come into the action and set up their damages which are caused by the wrongs complained of against the company. That question has also been set at rest by this court in the case of *Kinsman* v. *Utah Gas & Coke Co.*, 53 Utah, 10, 177 Pac. 418. In that case, although the damages were not fully pleaded, yet this court directed the district court to permit the pleadings to be amended, and that it also permit all persons who were injured by the wrongs of the defendant in that action and which were complained of therein to be made parties, and that they be permitted to set up their damages in proper pleadings. In legal effect there is no distinction between that case and the case at bar, and we see no good reason, and none has been shown, why the decision in that case is not sound and should not be followed.

434        SUPREME COURT OF UTAH        [Sept.

Utah Oil R. Co. v. Dist. Court, 60 Utah 428

It, is however, strenuously insisted that the judgment from which the appeal was prosecuted was a final judgment, and inasmuch as the plaintiffs did not try the issue of **4** damages the judgment is now res adjudicata and conclusive upon that issue. That proposition has already been answered by what has been said regarding the court's reservation of the issue of damages.

We desire to add in conclusion that in our judgment there is no merit in the foregoing contentions of the company. It would be a serious reflection upon the administration of justice to hold that, in an action where injunctive relief was sought and in connection therewith damages were also prayed for, a court of equity could not defer the question of damages until plaintiff's equitable rights in the premises were adjudged. Take this case as an example: Here the company, as the defendant in the former action, disputed plaintiff's rights in toto and insisted that it had merely done and was doing what it had a legal right to do in the premises. If that had been established as a legal conclusion from the facts found, then the plaintiffs in that action were not entitled to any relief whatever either equitable or legal. The respective rights of the parties in the premises therefore had to be determined before the question of damages could be intelligently considered. In view that neither party would have been satisfied—and it is clearly established that the company was not satisfied—with the ruling of the district court respecting the legal rights of the parties, it was deemed proper to settle the rights of the parties in the premises by this court before proceeding to the issue of damages. In that view both parties, as well as the district court, at that time joined and acted accordingly by merely disposing of the equitable issue and leaving the legal issue until this court had passed upon and settled the equitable issue. The rights that the law gives to the respective parties having been established and settled, it is both reasonable and just that the issue of damages be now also considered and determined. In determining that issue the company may plead and prove any legal defense or defenses, or counterclaim, or counterclaims, it may have, bar-

ring only such questions as have been determined and settled on the appeal.

From what has been said it follows that the alternative writ ought to be, and it hereby is, quashed; and a permanent writ is denied. Defendant to recover costs.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.