ANDERSON et al. v. JENSEN et al.

No. 4579.   Decided Jan. 31, 1928.   (265 P. 745)

*Stewart, Alexander & Budge,* of Salt Lake City, for appellants.

*Fonnesbeck & Nelson,* of Logan, for respondents.

HANSEN, J.

This is an appeal by the defendants from a judgment awarding plaintiffs damages on account of trespasses by the defendants' sheep upon plaintiffs' premises; and also from a decree enjoining defendants from permitting their sheep, cattle, and other animals to trespass upon the lands of plain-

tiffs. The complaint alleges two causes of action: The first for a trespass alleged to have been committed in 1926, and the second for a trespass alleged to have been committed in 1925. The action was tried by the court sitting without a jury.

During 1925 and 1926 the plaintiffs were the owners and in possession of 1,480 acres of grazing land located in Cache county, Utah. The defendants were the owners and in possession of a large area of grazing land adjoining the lands of plaintiffs. The defendants as well as the plaintiffs were engaged in raising sheep. They used their lands for the grazing of sheep during the spring and autumn of each year. In the spring of the year the sheep were taken on to the grazing lands before the lambs were born. Running through plaintiffs' lands in a northerly and southerly direction is a small natural stream of water known as Sheep creek. Plaintiffs' lands extend to the east of Sheep creek for a distance varying from 80 to 160 rods and extend along the course of the creek for a distance of about 3½ miles. The defendants' land adjoins plaintiffs' land on the east. At the time this controversy arose there was no fence along the boundary line between the lands owned by the parties to this action. The elevation of defendants' land is higher and more exposed to winds and storms than is the land of plaintiffs. The evidence tends to show that plaintiffs' land along Sheep creek is especially desirable for lambing sheep because it is warm, comparatively level, and protected from the spring winds and storms. It is also made to appear that it is a distinct advantage to have sheep, while lambing, near water because it the ewes are compelled to travel any considerable distance to secure water there is danger of the young lambs being lost from their mothers.

Late in April, 1926, the defendants drove their sheep over a road which runs along Sheep creek. and thence across a part of plaintiffs' land onto the land of the defendants. While the sheep were being driven across plaintiffs' land a number of lambs were born and ewes with the young

lambs, according to the defendants' testimony, were left on plaintiffs' land until the lambs were old enough to be moved up onto the defendants' land. Plaintiffs and their witnesses testified that plaintiffs' sheep were brought into the vicinity of Sheep creek a few days after the defendants had moved their sheep onto the spring range; that when plaintiffs arrived with their sheep the defendants' sheep were occupying plaintiffs' land lying to the east of Sheep creek; that defendants' sheep continued to occupy this land of the plaintiffs during the latter part of April and throughout the month of May, 1926; that the number of defendants' sheep thus on plaintiffs' land to the east of Sheep creek varied from a few to as many as fourteen as fifteen hundred head. Plaintiffs also offered evidence tending to show that if plaintiffs' sheep were permitted to cross Sheep creek they would become mixed with the defendants' sheep, with the result that considerable labor and expense would be required to again separate those commingled; that the reasonable rental value of plaintiffs' land lying to the east of Sheep creek in 1926 was from $250 to $300 per section per annum; and that the use of this land in the spring while sheep were lambing constitutes its principal value.

Plaintiffs allege in their first cause of action, and the trial court found, that defendants' sheep ate, browsed, killed, and destroyed the grass and verdure growing on plaintiffs' land and deprived the plaintiffs from the use of their land. The court awarded judgment in favor of plaintiffs on their first cause of action in the sum of $200.

A number of witnesses were examined as to the reasonable rental value of plaintiffs' land lying to the east of Sheep creek. Counsel for defendants objected to this testimony and assign as error its admission. Defendants take the position that the measure of plaintiffs' damages is the value of the forage eaten and destroyed by defendants' sheep. Were it not for the fact that the evidence shows that it is a serious matter for ewes with young lambs belonging to different owners to become com-

mingled, there would be much merit to this contention. But the evidence tends to show that, if plaintiffs' sheep crossed to the east of Sheep creek, such sheep so crossing would, of necessity, become commingled with defendants' sheep. If the fact that defendants' sheep were occupying plaintiffs' land to the east of Sheep creek made it impossible for plaintiffs' sheep to also range upon this land without serious loss to plaintiffs, then it cannot be said that plaintiffs' right to recover damages is limited to the value of the forage eaten and destroyed by defendants' sheep. If the defendants had merely deprived plaintiffs of the use of their land lying to the east of Sheep creek without causing any injury to the forage growing thereon, doubtless the plaintiffs would have suffered some damage. As a general rule, when the owner of property is deprived of the use thereof the measure of damages is the reasonable rental value of the property during the time the owner is wrongfully kept out of possession. Such, evidently, was the view taken by the trial court.

It is also contended on behalf of the defendants that proof affecting any enhanced rental value of the land in question because of its adaptability for lambing sheep is in the nature of special damages and must be specially pleaded to admit proof thereof. We are unable to agree with that contention. General damages, this court has held, "are the natural and proximate consequence of, and are traceable to the act complained of and those damages which are probable, traceable to, and necessarily result from the injury, * * * and may be shown under the general allegation of the complaint. Only those damages, which are not the probable and necessary result of the injury are termed 'special' and are required to be stated specially in the complaint." *Croco* v. *Railroad,* 18 Utah 311, 54 P. 985, 44 L. R. A. 285; *North Point Consol. Irr. Co.* v. *Canal Co. et al.,* 23 Utah 199, 63 P. 812. Tested by this rule, it follows that if the defendants did in fact deprive the plaintiffs of the use of their land the probable, traceable, and necessary result was a damage to the plain-

tiffs to the extent of the reasonable rental value thereof. In determining such reasonable rental value, the fact that the land may be valuable for lambing purposes is as proper a matter of inquiry as is the fact that the land may be valuable for grazing purposes. The ultimate fact to be determined is the reasonable rental value of the land, and any fact which aids in determining such ultimate fact is proper evidence under the general issue of damages and need not be specially pleaded.

As affecting plaintiffs' second cause of action, there is evidence tending to show that at various times during the months of May, June, and July, 1925, the defendants' sheep numbering from a few to as many as 400 head were upon plaintiffs' land which is east of Sheep creek, and that the forage on this land was eaten by defendants' sheep. The trial court awarded the plaintiffs judgment on their second cause of action for the sum of $25. The evidence is ample to support the findings. Indeed, the amount awarded plaintiffs on their second cause of action may well be said to be merely nominal damages. 17 C. J. 727, and cases cited in the footnote.

The defendants also assign as error that the decree enjoining defendants from permitting their sheep, cattle, or other animals from entering or trespassing upon the plaintiffs' premises is not supported by the findings of fact. The plaintiffs alleged:

"5. That plaintiffs are informed and believe, and therefore allege, that the defendants will continue to trespass upon said lands as above alleged, and will continue to annoy and harass the plaintiffs, and prevent the plaintiffs from the full use and enjoyment of said premises unless the said defendants are enjoined and restrained by an order of this court. That the plaintiffs have no plain, speedy, and adequate remedy at law."

This allegation is denied by the answer of the defendants. The trial court failed to make any finding whatsoever upon

this issue. No finding is made of any threat or other fact indicative of any probability that the defendants or their animals will ever again trespass upon plaintiffs' land. The law applicable to granting injunctions because a trespass has already been committed is thus stated in 5 Pomeroy Eq. Jur. (4th Ed.) § 1915, p. 4346:

"If, however, the wrongful act is done and it is not accompanied by threats of repetition, and does not itself constitute a threat, injunction will not issue, since in such case it is needless."

No facts are found as provided by Comp. Laws Utah 1917, § 6688, as a basis for an injunction. Obviously, until there is a finding of some fact that tends to show defendants will again probably commit a trespass upon plaintiffs' land, the granting of injunction is improper because it is useless. The purpose of an injunction is to prevent a present or future injury and from its very nature an injunction is not calculated to right a wrong already committed. The findings of fact do not support the decree enjoining defendants from permitting their animals to commit a trespass upon plaintiffs' land.

The judgment awarding plaintiffs damages is affirmed. The decree enjoining defendants is reversed. Neither party is awarded costs on this appeal.

THURMAN, C. J., and CHERRY, STRAUP, and GIDEON, JJ., concur.