## WARD v. UNITED GROCERY CO.

No. 4803. Decided September 21, 1934. (36 P. [2d] 99.)

*S. P. Armstrong* and *Ray Van Cott,* both of Salt Lake City, for appellant.

*Ray & Rawlins,* of Salt Lake City, for respondent.

EPHRAIM HANSON, Justice.

This action was brought by respondent against appellant to recover damages, actual and punitive, claimed to have been suffered by reason of appellant's wrongful attachment of certain proposed property, procured to be levied without probable cause but without malice, and to recover the value of the attached property by reason of its claimed conversion.

The wrongful attachment was levied on January 10, 1925, and was discharged on April 10, 1925. On April 22, 1925, demand in writing was made upon appellant's attorney for delivery of the property previously attached. The property was not at any time in the possession of appellant's attorney, nor does it appear that it was ever under his control or subject to his disposition. There is no evidence of the nature or extent of this attorney's relationship with appellant other than may be inferred from the fact that he appeared on its behalf in the action in which

the attachment had issued. Appellant's attorney did not deliver the property and denied respondent's right of possession. No other attempt to secure possession was made. It is this demand and refusal which, by her complaint, respondent claims as a conversion of her property and in response to which the trial court awarded her judgment for its value. Since there is no evidence of the authority of the attorney to receive or act upon a demand of this nature, the judgment cannot be sustained.

Respondent answers that the wrongful attachment supports the findings and judgment in this particular. That, however, was not complained of and was not the fact on account of which the judgment was rendered.

The trial court also awarded to respondent the sum of $200 as damages arising out of the wrongful attachment, that being the sum found by the court to be the reasonable fee charged by her attorney for his services in procuring its release. Appellant contends that the only ■ proper allowance on this account is the amount actually paid, while respondent's position is that it was proper to allow such amount as she was liable to pay. The pleadings and evidence in this respect are such that it is not necessary to resolve the conflict. Respondent's pleading in regard to attorney's fee was that:

"Plaintiff necessarily employed an attorney in releasing her property from said attachment and incurred a liability to pay the sum of $300 as attorney's fee."

It is conceded, as we think it must be, that appellant could not become liable to pay more than a reasonable fee, and it must be conceded that it was not liable to pay more than respondent was liable to pay or actually had paid. The evidence, however, tends only to the establishment of a reasonable fee. There is no evidence as to any amount actually paid or the liability incurred by the employment of the attorney.

Respondent assigns as error the refusal of the trial court to allow punitive damages, as a result of the levy of the attachment without probable cause although it was found to have been done without malice. At the same time it was conceded that to this end a finding of malice is essential. Malice may be implied or inferred from want of probable cause. There is no principle of law requiring that it must be. We follow the findings in respect thereto.

Judgment reversed. Costs to the appellant.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and MOFFAT, JJ., concur.