## QUERMBECK v. HANSON.

No. 5943.   Decided February 7, 1938.   (75 P. 2d 1027.)

*E. A. Rogers,* of Salt Lake City, for appellant.

*Parley P. Jenson* and *Richard J. O'Rourke,* both of Salt Lake City, for respondent.

MOFFAT, Justice.

This is an action for malicious prosecution. It is alleged that the defendant, Al Hanson, maliciously intending to injure the plaintiff in his good name and reputation, and without probable cause, charged plaintiff in an action filed in the city court of Salt Lake City with the offense of having committed the crime of grand larcency by wilfully and feloniously stealing, taking, and carrying away personal property of Al Hanson of the alleged value of $7,000.

It is also alleged that at the request of Al Hanson and upon his complaint a warrant of arrest was issued and, in pursuance thereof, plaintiff was arrested and gave bail for his appearance to answer the charge; that, upon the hearing of said cause before the committing magistrate who heard the same, the magistrate found there was no probable cause to hold the said Fred Quermbeck (or Wilson) to answer to the district court upon the charge, and thereupon dismissed the action.

Plaintiff then, in his charge of damages sustained, repeats the allegations that he was injured in his reputation and good name, and further alleges loss of employment and "that his health has been impaired" by the acts of plaintiff complained of, to the extent of $10,000 damage. Special damage in the sum of $250 counsel fees is also pleaded. To the complaint, defendant in this action filed a general and a special demurrer, the latter being to the effect that the complaint "is uncertain, in that it cannot be ascertained therefrom how or in what manner plaintiff's health has been impaired, or to what extent." Both demurrers were submitted to the court and by it overruled. Answer was filed, admitting the filing of the charge, the arrest, the hearing, and the discharge of the defendant in the criminal action.

Defendant below, appellant here, denied all other allegations of the complaint, and further pleaded his good faith and

belief in probable cause for instituting the prosecution, and that prior to the issuance of the complaint he had fairly and fully stated all the facts to the assistant county attorney of Salt Lake county and was advised that probable cause existed for the issuance of a complaint. The cause was tried to the court sitting without a jury, submitted, taken under advisement, and after consideration judgment was awarded in favor of plaintiff. Defendant appeals.

Appellant assigns a number of errors, and in brief and argument condenses them into three. They are: (1) The evidence is insufficient to sustain the finding of the court that appellant commenced the prosecution of the respondent with malice and without probable cause; (2) The court erred in not sustaining appellant's special demurrer to the complaint, for the reason that it cannot be ascertained therefrom how or in what manner respondent's health is impaired, or to what extent; and that the court erred in overruling appellant's objections to the questions, and permitting the respondent to make the answers relating to respondent's health; and (3) the court erred in finding as a matter of law that respondent could recover damages by reason of his inability to find employment after his discharge from the La Vone Cafe, and in permitting respondent to make the answers set forth in the assignment of error.

The findings of the court are made in practically a verbatim restatement of the allegations of the complaint. We shall discuss the second assignment above stated first. As heretofore indicated, appellant demurred specially to the allegation of the complaint wherein it was stated by plaintiff "that his health had been impaired," upon the ground "that it cannot be ascertained therefrom how or in what manner the plaintiff's health is impaired, or to what extent." The special demurrer should have been sustained. The allegation that plaintiff's health has been impaired is not an allegation of damages arising out of consequences that necessarily and ordinarily result from the wrongful act or acts described in the complaint. Damages, whether general

or special, must be directly traceable to the wrongs complained of. *McKinney* v. *Carson,* 35 Utah 180, 99 P. 660. An allegation of damages because of injury to health in a malicious prosecution case is not an allegation of such injury as necessarily and usually results from the acts alleged in the complaint, and, therefore, to withstand an attack by special demurrer, must show some causal connection or be the proximate result of and directly traceable to the act or acts forming the cause of action. Before the opposite party may be required to meet the allegations of a pleading, he is entitled to have notice of the matters to which the proof will be directed.

Ordinarily a malicious prosecution action is one for damages to reputation, good name, and for humiliation, and not for personal injury, physical or mental. In the case under consideration there are no allegations as to injuries received that might directly or indirectly affect the health—no specific enumeration of the cause, manner, or extent of injury to health. Permitting plaintiff to introduce evidence upon the question of specific health conditions, in addition to its incompetent character, was outside of issues required, in view of the special demurrer, to be specifically pleaded. *Pugmire* v. *Oregon Short Line R. Co.,* 33 Utah 27, 92 P. 762, 13 L. R. A., N. S., 565 126 Am. St. Rep. 805, 14 Ann. Cas. 384, and cases there cited. It has been stated by this court, and is the general rule, that general damages are the natural and proximate consequences of and are traceable to the act complained of, and which are probable, traceable to, and necessarily result from, the injury, and may be shown under general allegations of damage in a complaint. Those damages which are not the probable and necessary result of the injuries complained of are termed special damages, and, in order to recover such damages, they are required to be stated specially in the complaint. *Anderson* v. *Jensen,* 71 Utah 295, 265 P. 745; *Croco* v. *Oregon Short Line R. Co.,* 18 Utah 311, 54 P. 985, 44 L. R. A. 285; *North Point Consol. Irrig. Co.* v. *Utah & Salt Lake Canal Co.,* 23

Utah 199, 63 P. 812. Tested by this rule, the ailments suggested in the testimony affecting the general health as well as the specific health would have to be specifically pleaded.

Respondent does not seem to question the principle of law above stated. The texts and cases cited by respondent may be correct statements of the law, but are not applicable in the instant case, as they go to the question of general damages in cases where the rule of general damages above stated is applicable.

The following reflects what took place in court upon the trial: Plaintiff was asked: "Now after your arrest and the publicity that you received, and the discharge from your employment, did that have any effect upon your health?" Counsel for defendant objected to the question. The court then said: "Well, I am not advised as to whether or not that is an element of damage, but he may answer."

The following then took place:

Mr. Jenson: "We pleaded it."

Mr. Rogers: "And we filed a special demurrer, and Mr. Jenson had it overruled in my absence, and Mr. Jenson told me he wasn't relying on it." Mr. Jenson: "I want to show it had an effect on his general health."

The Court: "The objection may be overruled."

"Q. You may answer the question. A. Why yes, I had an examination. I got a murmur of my heart, or something like that * * * I haven't been able and good for a long while. I have been going to a doctor, and the doctor didn't seem to do anything. He said, 'Your heart, you can't pass an examination.'" (What the doctor said was stricken.)

The cause being tried to the court, it might be, and ordinarily would be, presumed that incompetent, immaterial, or hearsay testimony or testimony outside of the pleaded issues was disregarded by the court. But, where the court makes a finding, general as it is as to the matter of health, with its allegational defect and with no competent evidence to support it, it cannot then be said that the court did not consider such element in the damages awarded, although

plaintiff might have been, in the court's judgment, entitled to recover on the issue of general damages. The record discloses that it was considered, hence the judgment may not be sustained. It therefore becomes unnecessary to consider, except by reference, the other assignments, as the cause must be returned to the trial court for a new trial.

In order to pass upon the assignment relating to the insufficiency of the evidence, it would be necessary to make an analysis from a statement of the evidence. The record reveals that the case was tried, as all concerned seemed to appreciate from remarks found in the record, as if plaintiff were on trial for the alleged theft of the goods, instead of defendant for maliciously instituting such criminal prosecution.

The case presents difficulties; yet, in view of the fact that it was tried to the court, we may not, this being a law case, say there was no evidence from which want of probable cause might not be found, because of the conflicts and uncertainty in the testimony of some of the witnesses. The question of malice is still more difficult and essential, and, while it is generally stated that "malice may be implied or inferred from want of probable cause, there is no principle of law requiring that it must be." *Ward* v. *United Grocery Co.*, 84 Utah 437, 36 P. 2d. 99, 100. It would seem that, to infer or imply malice, there should be evidence other than the mere filing of a complaint and a termination favorable to the accused from which a motive, prompting an intention to injure the accused, could be inferred which is incompatible with a desire to uphold and enforce the law.

As to the question relating to the matter of damages by reason of inability to find other employment, it may be said that, in order to recover damages by reason of plaintiff's inability to find employment after his discharge, the same rules of damages and pleading would apply as to other special damages, and be such as would ordinarily arise out of and be a consequence reasonably following and traceable to the wrong complained of. It was shown that the discharge was directly traceable to the wrong

complained of. The failure to get other employment presents a situation of varying remoteness and difficulty. Probably no more need be said than to suggest the rule above stated should be applied. In certain instances the trial judge's discretion might not be disturbed. In the instant case, it is impossible to determine a measure that might be accurately applied from the evidence submitted.

For the reasons stated, the judgment is reversed and the cause remanded for a new trial. Appellant to recover costs.

FOLLAND, C. J., and HANSON and LARSON, JJ., concur.

WOLFE, Justice, being disqualified, did not participate herein.