# BENSON v. RITCHIE, DISTRICT COURT JUDGE.

No. 2581. Decided December 24, 1913 (138 Pac. 136).

1. MANDAMUS—SCOPE OF REMEDY. On mandamus to compel the trial judge to enter a final decree, in an action for divorce, where he had found that the evidence entitled neither party to a divorce, but that the children should be removed from the custody of the parents, and property conveyed by the husband to the wife for their support should be placed in the hands of a trustee to conserve it, the Supreme Court will not decide the authority of the trial judge to make such disposition. (Page 63.)

2. MANDAMUS—ALLOWANCE OF WRIT. A husband filed a bill for divorce, and alleged that he had deeded to his wife land to be held in trust for the children of the marriage, and that, unless restrained, she would convey the land in violation of the trust, and dissipate the proceeds. On final submission the court found

that neither party was entitled to a divorce, the wife having filed a cross-complaint, and that neither spouse was entitled to the custody of the children, and that a suitable person should be appointed to conserve the property; but no final judgment to that effect was rendered. The case was continued, without final judgment, for nearly six months, when the husband was allowed to file an amended complaint, seeking a divorce on the ground of desertion. *Held*, that *mandamus* should issue to compel the court to enter final judgment as of the date of the final submission, but not to direct what such final judgment should be. (Page 63.)

APPLICATION by Anna M. Benson for a writ of *mandamus* against *Hon. M. L. Ritchie,* Judge of the District Court of the Third Judicial District, in and for the County of Salt Lake.

PEREMPTORY WRIT ISSUED.

*Willard Hanson* for plaintiff.

*Ross M. Bonny* for defendant.

STRAUP, J.

On application of Anna M. Benson we issued an alternative writ of mandate directing Hon. M. L. Ritchie, Judge of the Third judicial district, to make findings and conclusions, and to render a decree or judgment in a case pending before him, wherein Axel Benson is plaintiff, and the petitioner, Anna M. Benson, is defendant. It is shown that Axel and Anna M. Benson are husband and wife. They have four children from three to nine years of age. In August, 1912, he filed a complaint against her for divorce on the ground of cruelty. The acts of cruelty alleged are that she "had been unduly familiar with other men," especially with a particular named man, and that she "on or about the 9th of April, 1912, refused to longer live with" her husband, left their home at Sandy, and went to Salt Lake City, where she has since resided. He further alleged that he was the owner and in possession of ten acres of land, but "that, when she deserted" him, he "deeded to her said tract

of land, to be held in trust by her for the use and benefit"
of the children; that she, without his consent, and against
his will, placed the children in an orphanage, refused to sup-
port them, and "did not allow him to contribute to their
support and maintenance;" and that, unless restrained, she
would sell and convey the land in violation of the trust,
and dissipate the proceeds. She answered, denying the
alleged wrongful acts, and filed a counterclaim for a divorce
on the grounds of failure to provide and cruelty. The case
came on for hearing before Hon. M. L. Ritchie, Judge, on
the 10th day of December, 1912. Axel Benson, the plain-
tiff in that case, to prove the issues presented by his com-
plaint, called witnesses who testified in his behalf, and then
rested. She, without offering any evidence, also rested.
She moved for a voluntary dismissal of the counterclaim,
which was granted. She also moved for a judgment of non-
suit and a dismissal of the complaint on the ground of in-
sufficiency of evidence to support the allegations of the com-
plaint. That motion was denied. In overruling it, the
court observed that the plaintiff had not "proven enough to
entitle him to a divorce," but stated that he desired to hear
counsel on questions relating to the disposition of the prop-
erty and the appointment of a guardian for the children, the
court having expressed opinions that neither party had per-
formed his duty towards them; that the wife was unfit,
and the husband an improper person, to have their custody.
After both parties had rested, and on the evidence adduced
had submitted the case for decision, and asked for judg-
ment, the court directed findings to be drawn, to the effect
that "the court does not now find on the issue as to the right
of the plaintiff to a divorce, but the court does find that the
property ought to be placed in the hands of some person.
. . . to be held for the benefit of the children;" that the
wife was an unfit person to have the children; that the
court would entertain an application for the appointment of
a guardian; and that jurisdiction would be retained "as to
the charge for divorce." In pursuance of that the husband's
counsel, on the 31st day of December, 1912, prepared,

served, and submitted findings, conclusions, and a decree in. conformity with the views announced by the court. On the 10th of January, 1913, the wife's counsel served and filed written objections to them, and on the 18th prepared, served, and submitted findings, conclusions, and a decree to the effect that the allegations of the complaint had not been . sustained, and that the action be dismissed. A hearing to settle findings and a decree was had on the 21st of January. Neither set of findings was signed, nor were any findings made, nor, so far as made to appear, did the court indicate when findings would be made. There the matter rested until the 19th of April, 1913, when, without setting aside the submission, or reopening the case, leave was given the husband to file an amended complaint for a divorce on the ground of desertion. Due notice was served that such an application would be made; but the wife and her counsel failed to appear and contest the motion. Nothing further was done until September 13, 1913, when the wife moved to strike the amended complaint, and urged findings on the case as tried and submitted in December, 1912. That motion was argued on the 4th and 13th of December, 1913, and taken under advisement. On the 16th the wife applied for and obtained the alternative writ.

It is not claimed that, by reason of the subsequent proceedings—the filing of the amended complaint, and the motion to strike it—the making of findings and the rendition of a decree, as theretofore directed to be prepared and submitted, were suspended or withheld, nor is the failure to make findings and to render a decree justified or excused on any such ground. Since the judge, by his answer, disclaimed that the case was held to permit the husband, after the statutory period—one year—had run, to file an amended complaint for a divorce on the ground of desertion, and since he has not claimed that findings and a decree on the case as tried and submitted in December, 1912, were suspended or withheld, nor in any manner excused or justified a failure to make findings or a decree on any such ground, we pass that.

The real situation, as disclosed by the answer and petition, is this: On the case presented and submitted for decision in December, 1912, the court, on the evidence adduced, was of the opinion that the plaintiff, the husband, was not entitled to a divorce. On what was **1, 2** made to appear, the court was of the opinion that the wife was unfit, and the husband an improper person, to have the custody of the children, and that the wife, unless restrained, would dissipate the property which the husband had conveyed to her for the benefit of the children. It was the welfare and protection of the children which most concerned the court. If it was within his power to make provision for them, though no ground was shown for a divorce, and none granted, he desired to do that. That power was challenged by counsel, and by the court doubted. The judge, in his answer, while recognizing that in such a proceeding as this we ordinarily cannot direct the lower tribunal what findings or judgment should be made, yet expressed a desire that we, on this proceeding, determine and decide the question, if we for any reason thought it proper to do so. Of course we cannot do that. We are not authorized to permit the writ to be employed for any such purpose. We cannot, on this application, direct the judge as to what findings should be made, or what decision should be rendered, by him on the case as finally submitted to him. The responsibility of a decision in the first instance, of course, rests on the trial court. He has not claimed that other duties prevented due consideration or reflection on the matters involved, nor has he asked further time to consider or reflect.

So let a peremptory writ issue, directing the judge, within five days after service, to make and file findings and conclusions, and to render a decree or judgment in the case referred to, Axel L. Benson v. Anna M. Benson, now pending before him, and as presented and finally submitted to him for decision by both parties on the 12th of December, 1912.

Such is the order. No costs are allowed.

McCARTY, C. J., and FRICK, J., concur.