## HEADLUND v. DANIELS et al.

No. 3014. Decided September 24, 1917. (167 Pac. 1170)

1. APPEAL AND ERROR—REVIEW—FINDINGS. Where the evidence is not presented for review, findings of fact by the trial court must be presumed to be fully sustained by the evidence. (Page 387.)

2. APPEAL AND ERROR—OPINION OF TRIAL COURT—CONSIDERATION. Where the opinion of the trial court is settled in the bill of exceptions and is made a part of the record, the appellate court may look to it to ascertain the trial court's reasons for its decision, but such reasons do not amount to a judicial finding, and are without any judicial effect.[1] (Page 387.)

3. CONTRACTS—ARCHITECTS—COMMISSIONS—EXCESS COST. In an action by plaintiff, an architect, for commissions claimed, the court found that his plans and specifications for the remodeling of a theater were used, that plaintiff did not agree that the cost should not exceed a stipulated sum, but plaintiff told defendant after preparing preliminary plans that the cost should not exceed $30,000, that the building when completed in accordance with the plans thereafter prepared and submitted cost in excess of $77,000, but the excessive cost was not by reason of the carelessness, negligence, or incompetence of plaintiff, and that defendant was not damaged on account of any representations by plaintiff. *Held* that, there being a further finding that the contract between defendant and plaintiff which provided for payment of commissions was made in good faith and without any fraudulent representations or purpose, plaintiff was entitled to recover

[1] *Utah Com. Savings Bank* v. *Fox*, 44 Utah, 323, 140 Pac. 660; *Grand Cent. Min. Co.* v. *Mammoth M. Co.*, 29 Utah, 490, 83 Pac. 648; *Miller* v. *Marks*, 46 Utah, 257, 148 Pac. 412.

commission not being for the excess in cost of the building.[1]   (Page 388.)

4. JUDGMENT—ENTRY—PROVISIONS.  The provisions of Comp. Laws 1907, section 3181, subd. 6, are directory and not mandatory, and hence the failure of plaintiff to demand entry of judgment within six months after the court rendered its oral decision does not preclude the court from thereafter entering judgment for plaintiff.  (Page 389.)

Appeal from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Action by J. A. Headlund against Max Daniels and others.

Judgment for plaintiff.  Defendants appeal.

AFFIRMED.

*Allen T. Sanford* and *Soren X. Christensen* for appellants.

*Carlson & Carlson* and *Ray VanCott* for respondent.

CORFMAN, J.

This was an action brought by the plaintiff, an architect, in the district court of Salt Lake County, to foreclose a lien for services rendered the defendant Max Daniels in drawing plans and specifications and superintending the remodeling of a building commonly known as the Rex Theater, situate in Salt Lake City.  The defendants other than Daniels were made parties because of their having, or claiming to have, some interest in the premises as lienholders or otherwise, and as to them it will not be necessary to here make further reference.

The amended complaint, in substance, alleges that a contract was entered into between the plaintiff and the defendant Daniels whereby the plaintiff was to prepare plans and specifications for, and superintend, the work in remodeling a theater building, for which services Daniels agreed to pay plaintiff 5 per cent. of whatever the total cost amounted to; that the plaintiff performed the services; that the cost of remodeling amounted to $60,000; that Daniels had paid the plaintiff $700 only, and there was a balance still due and owing the plaintiff

---

[1] *Pack* v. *Wines,* 44 Utah, 427, 141 Pac. 105.

of $2,300 for which plaintiff had filed and recorded his lien against the premises, and for which plaintiff prayed judgment and decree of foreclosure.

The answer is voluminous.   Briefly stated, it admits an agreement was entered into between plaintiff and Daniels as alleged in the complaint, except it denies that defendant was to pay the plaintiff 5 per cent. of the cost of remodeling the building should the amount be over $30,000; admits the cost of remodeling was over $60,000.   For an affirmative defense, and by way of counterclaim, defendant alleges that the plaintiff had represented himself to the defendant to be a competent architect, capable of making estimates, drawing plans and specifications for theaters, and the doing of all things appertaining to the business of architecture; that the plaintiff had represented to defendant that the total cost of remodeling the theater would not exceed $25,000 and guaranteed that under no condition would the cost exceed $30,000; that the defendant had informed plaintiff he was financially unable to pay more and would not remodel the theater should it cost more than $30,000; that during the course of remodeling the defendant had paid plaintiff $700 as part payment for services rendered; that the representations of plaintiff to defendant as to the cost of remodeling the building were false and fraudulent; and that by reason of the carelessness, negligence, and incompetency of plaintiff the cost of remodeling the building was $70,000.   The answer alleges as a further defense, and by way of counterclaim, neglect in timely preparation of the plans and specifications for the building, various errors and defects of workmanship in its rebuilding and construction, with consequent loss and damage to plaintiff, for which defendant prayed judgment against plaintiff.

Plaintiff's reply denied the allegations of the counterclaim.

After trial to the court judgment and decree were awarded the plaintiff for the sum of $376.60 (the same being a balance due as commission—$800 less $423.40—allowed defendant on his counterclaims), interest, attorney's fee and costs.   Defendant appeals on the judgment roll.

As the case is presented to this court on appeal primarily but two questions are involved, namely: (1) Are the conclusions of law and judgment of the trial court warranted by its findings of fact? (2) Did the court err in refusing to dismiss the action upon defendant's motion, and in entering judgment for the plaintiff over defendant's objection on the ground that plaintiff failed and neglected for more than six months after he was entitled to have judgment entered to demand that it be entered?

(1) It is contended and argued by defendant in his brief that the judgment of the district court is wrong because the court found as a fact that the actual cost of the defendant's building was greatly in excess of the estimate of plaintiff; that the court should have awarded, under the facts found, the defendant damages, and denied the plaintiff any compensation for his services. The material findings of the court bearing on the validity of the judgment are as follows:

"(2) That on or about August 1, 1911, the plaintiff and defendant Max Daniels agreed together as follows: That the plaintiff draw plans and specifications for the remodeling, repair, and erection of that certain building commonly known as the Rex Theater and Hotel, situated upon that certain lot of land described in paragraph 1 of these findings of fact, and also superintend all work done on said building under said plans and specifications; that for the drawing of plans and specifications, as aforesaid, and also for superintending all work done under such plans and specifications, the said defendant Max Daniels should pay plaintiff, as compensation for his services, 5 per cent. of the total cost of the remodeling, repair, and construction of said building on said premises, provided, however, that the said 5 per cent. should not be reckoned on a cost in excess of $30,000.

"(3) That in pursuance of said agreement plaintiff drew plans and specifications for the remodeling and construction of said building upon said premises and rendered services in superintending the remodeling, repair, and construction of said building under and according to the terms of said plans and specifications by plaintiff drawn, as aforesaid, and said

plans and specifications were used by defendant Max Daniels
in the remodeling, repair, and construction of said building.
\* \* \*

"(13) That the plaintiff at all times mentioned in the de-
fendant's amended counterclaim advertised and represented
himself to be a competent architect and capable of making
estimates and drawing plans and specifications for the con-
struction of buildings of various kinds and as competent to
superintend the construction of the same; that between the
1st day of July and the 1st day of August, 1911, the plaintiff
made certain estimates, calculations, and measurements as to
the cost of remodeling and the reconstruction of the Rex
Theater building upon said land described herein, and esti-
mated to said defendant that the total cost for remodeling and
reconstruction of said building would be about the sum of
$25,000, and that it would not cost to exceed the sum of
$30,000, exclusive of the sprinkler system, and thereafter
plaintiff and defendant entered into an oral agreement where-
by plaintiff agreed to draw plans and specifications for the
repair, building, and remodeling of said theater, and it was
agreed that for said services the plaintiff should receive 2½
per cent. of the cost of the building for drawing the plans and
specifications and 2½ per cent. of the cost of the building
for superintending the work of rebuilding, remodeling, and
reconstructing the same, and it was further agreed that such
percentage should not be paid on any of the cost exceeding
the sum of $30,000, and in no event should the fees of the
plaintiff exceed the sum of $1,500; that plaintiff did not agree
nor guarantee that the cost of said building, exclusive of the
sprinkler system, should not exceed the sum of $30,000; that
at the time of making said agreement the defendant informed
plaintiff that he would not remodel and reconstruct said build-
ing if the same should cost more than said $30,000, according
to the designs and estimates given by plaintiff, and the de-
fendant represented to plaintiff that he was not financially
able, without great inconvenience and loss to his other inter-
ests, to invest more than $30,000, aside from the cost of the
sprinkler system, in remodeling said building; that plaintiff

said to the defendant that said building should not cost more than said sum of $30,000; that at the time of such estimate and the entering into of said agreement the plaintiff had prepared only what was referred to in the evidence as the preliminary plans.  *  *  *

"(15) That said building, when completed in accordance with the plans which were submitted by plaintiff to the defendant Daniels at and prior to the time the defendant employed plaintiff as architect, and in accordance with the plans and specifications which were thereafter prepared and submitted by plaintiff to the defendant Daniels, cost in excess of $77,000, but said excessive cost was not by reason of the carelessness, negligence, or incompetency of the plaintiff in the execution of the remodeling, alteration, or reconstruction of said building, except as herein specifically found; but the plaintiff did at and prior to the time the plaintiff and defendant entered into said agreement, estimate that said building as completed, aside from the sprinkler system, would cost not to exceed $30,000.  *  *  *

"(27) That prior to the time of entering into the contract between plaintiff and defendant the plaintiff estimated and stated to the defendant that the entire work which was to be done, exclusive of the sprinkler system, would cost the defendant not to exceed the sum of $30,000, and by reason of said estimate the defendant determined to proceed with said remodeling, alterations, and new construction, and the same was constructed substantially as it was understood the same should be at the time of said estimate, in so far as the plans of said remodeling, alteration, and new construction had then been determined upon; that the plaintiff did not represent that by the expenditure of said sum of $30,000, or any other sum the defendant would receive the rental from said buildings as the same now stands; nor was the defendant damaged on account of any representations, estimates or statements made by the plaintiff in the sum of $47,000 or any other sum or at all.  *  *  *

"(34) Nor did the plaintiff well know that the same would cost more, nor did said plaintiff make said representations or

any representations fraudulently with the purpose of inducing the defendant to start said work, to the end that the plaintiff might thereby secure his commission upon said work; that the contract made between plaintiff and defendant was made in good faith and without any fraudulent representations, statements, or purpose whatsoever."

From the foregoing facts found the court concludes:

"That the plaintiff is entitled to have and recover of and from said defendant Max Daniels the balance of his commission, to wit, $800, less the sum of $423.40, to which the defendant Max Daniels is entitled to have and recover from said plaintiff as a set-off on account of his counterclaims herein against said plaintiff, thereby leaving the plaintiff entitled to have and recover of and from said defendant Max Daniels the sum of $376.60, with interest at the rate of 8 per cent. per annum amounting to the sum of $87.73, together with $25 attorney's fees and $10 as the cost for preparing and recording his lien herein, aggregating $499.33."

The testimony given at the trial bearing on the issues involved in this controversy is not presented here for review; therefore we must assume that the findings of fact made by the trial court are fully sustained by the evidence. True, where as here, the opinion of the trial court is    1, 2 settled in the bill of exceptions and is made a part of the record on appeal to this court, we may look to it to ascertain the court's reasons for its decision; but, as this court has repeatedly held, the trial court's reasons for a decision do not amount to a judicial finding and are without any judicial effect whatever. *Utah Com. Savings Bank* v. *Fox,* 44 Utah, 323, 140 Pac. 660; *Grand Cent. Min. Co.* v. *Mammoth M. Co.,* 29 Utah, 490, 83 Pac. 648; *Miller* v. *Marks,* 46 Utah, 257, 148 Pac. 412. We therefore must indulge in the presumption here that the evidence in the case justifies the trial court's findings all of which negative the contention of the defendant that, as matter of law, the plaintiff is not entitled to any compensation for the services rendered the defendant and the plaintiff should have been held to answer in damages to the defendant.

If the facts as found by the trial court were to the effect that the plaintiff by his estimate wrongfully represented to the defendant that the building in question could be remodeled at a cost not to exceed $30,000, and the defendant, relying on the estimate, was induced to proceed with the remodeling at the excessive cost of $77,000, the question raised by defendant's appeal would, as matter of law, be of easy determination. This court, in the case of *Pack* v. *Wines,* 44 Utah, 427, 141 Pac. 105, has there announced its decision in harmony with the rule as contended for by defendant and as laid down in 6 Cyc. 31, and in *Edward Barron Estate Co.* v. *Woodruff Co.,* 163 Cal. 561, 126 Pac. 351, 42 L. R. A. (N. S.) 127, and other authorities cited in defendant's brief. It will be readily seen, however, that in the case at bar the trial court, by its findings of fact, has expressly negatived the grounds upon which those decisions were predicated and the doctrine announced. In the case at bar the court expressly finds:

(a) "Said plans and specifications were used by defendant Max Daniels in the remodeling, repair, and construction of said building; (b) that plaintiff did not agree nor guarantee that the cost of said building, exclusive of sprinkler system, should not exceed $30,000"; (c) "that plaintiff said to the defendant that said building should not cost more than said sum of $30,000; that at the time of such estimate and the entering into of said agreement the plaintiff had prepared only what was referred to in the evidence as the preliminary plans"; (d) "that said building, when completed * * * in accordance with the plans and specifications which were thereafter prepared and submitted by plaintiff to the defendant Daniels, cost in excess of $77,000 *but said excessive cost was not by reason of the carelessness, negligence, or incompetency of the plaintiff in the execution of the remodeling, alteration, or construction of* said building, except as herein specifically found" (italics ours) ; (e) "nor was the defendant damaged on account of any representations, estimates or statements made by the plaintiff in the sum of $47,000, or any other sum, or at all"; (f) "that the contract made between plaintiff and

defendant was made in good faith and without any fraudulent representations or purpose whatever.''

If we are to indulge in the presumption that the foregoing facts are supported by the testimony at the trial, and, for the purposes of this case, as heretofore pointed out, we must, then the contention made by defendant that the plaintiff was not entitled to compensation for services rendered fails, especially when, as the record shows, the defendant permitted the plaintiff to continue in his employment and received the benefits of his services until the final completion of the building.

While the question has not been expressly raised in the case at bar, we are not prepared to say that, as matter of law, under any circumstances where a party knowingly continues the employee in unsatisfactory service and receives the benefits he is not thereby estopped from refusing payment on the grounds that the services rendered were damaging and unsatisfactory.

The preliminary statement or estimate made by the plaintiff as an architect to the defendant that the cost of remodeling the building would not exceed $30,000, when in fact the total cost was over $77,000, in the absence of the testimony before this court accounting for the tremendous increase in cost, in our opinion, does not warrant this court, in view of the findings of the trial court, in saying the conclusions of law and judgment are erroneous and contrary to law.  Such damages as were awarded the defendant on his counterclaim are supported by the trial court's findings.  For this court to here say defendant was entitled to greater damages would be to say the court's findings of fact are not sustained by the evidence.  The evidence is not before us, and therefore this we cannot do.

The second contention made by defendant that the court erred in refusing to dismiss plaintiff's action upon the defendant's motion, and that the court erred in entering judgment over defendant's objection because the judgment was not entered within six months after the court rendered its oral decision, is without merit.  The provisions of Comp. Laws 1907, section 3181, subd. 6, are directory, not mandatory, upon the court.

"Statutes requiring that judgment shall be entered within a limited time after the rendition of a verdict or other determination of the cause are generally directory only." 23 Cyc. 829; *Marshall* v. *Taylor,* 97 Cal. 422, 32 Pac. 515.

For the reasons assigned the judgment of the district court must be affirmed.

It is so ordered. Costs to respondent.

FRICK, C. J., and McCARTY, THURMAN, and GIDEON, JJ., concur.