ALLEN v. J. G. McDONALD CHOCOLATE CO. et al.

No. 3964.     Decided July 5, 1923.     Rehearing Denied October 2, 1923.     (218 Pac. 971.)

1. INDEMNITY—BUILDING CONTRACTOR HELD PRIMARILY LIABLE UNDER CONTRACT FOR REMOVAL OF LATERAL SUPPORT OF ADJOINING LAND. Under a contract between a building company and the owner of land, whereby the building company agreed, as respects accidents or injury to owners of adjoining premises to "discharge any claim of this character and the contractor must relieve the owner of any responsibility in this connection," held that the contractor was primarily liable to an adjoining landowner for damages, resulting from the removal of the lateral support of the soil, regardless of whether such damages resulted from the contractor's negligence or otherwise.

2. TRIAL—COURT HELD EMPOWERED TO CORRECT PREVIOUS VERDICT AFTER DETERMINATION OF ADDITIONAL ISSUE RAISED BY STIPULATION. Where, in an action against a landowner and a building contractor who had constructed a building for him, by an adjoining owner for damages for the removal of lateral support, after rendition of a verdict against both defendants, before judgment, an issue raised by a stipulation between the defendants as to which of them shall be liable was tried to the court, and determined in favor of the landowner, held, the court had the power to correct the verdict accordingly, so as to render the contractor primarily liable and the landowner liable as surety.

3. APPEAL AND ERROR—NEW TRIAL—REOPENING CASE, MATTER OF COURT'S DISCRETION. The matter of reopening a case is within the discretion of the trial court, whose action will not be reviewed in the absence of any showing of abuse of discretion.

Appeal from District Court, Third District, Salt Lake County; M. L. Ritchie, Judge.

Action by Susan Moore Allen against the J. G. McDonald Chocolate Company and the Campbell Building Company. Judgment for plaintiff and first named defendant, and second named defendant appeals.

AFFIRMED.

*Allen T. Sanford,* of Salt Lake City, for appellant.

*Dey, Hoppaugh & Mark,* of Salt Lake City, for respondent.

GIDEON, J.

In May, 1917, the J. G. McDonald Chocolate Company, hereinafter referred to as the McDonald Company, entered into a contract with the Campbell Building Company of Utah, hereinafter styled the Campbell Company, for the erection of a five-story building in Salt Lake City, on property owned by the McDonald Company. The contract, among other things, provided:

"Whereas, the party of the first part (McDonald Company) is owner of a certain parcel of land * * * in Salt Lake City, Utah, and the owner desires the contractor to erect a factory building on the above site in accordance with the plans and specifications prepared by J. A. Headlund, architect, and the contractor has submitted a proposal to erect for the owner on such land a building at exact cost, plus a profit of $5,000, and the owner does hereby accept the proposal of the contractor:

"(1)    The contractor under this contract has full power to manage the construction of the said building; to contract for and purchase all materials for the erection of the said building, and to contract for and employ all labor required therefor, and to make all contracts necessary for the erection thereof in the name of the Campbell Building Company of Utah, or in the name of some subcontractor; provided, however, that the contractor shall procure the approval in writing of the owner and architect before assigning or subletting all or any portion of the work under this contract.

"(2)    * * *

"(3)    The contractor, for and in consideration of the promises and covenants and agreements of the owner, does agree as follows: To take the contract for the erection of the building in accordance

with the plans and specifications, hereto attached and made a part
of this agreement, and to prosecute said work with the utmost
dispatch consistent with economic and good workmanship, and to
complete the said building at the earliest possible date; to secure
all possible rebates and discounts and account therefor to the
owner; to indemnify, protect, and save harmless the owner from
and against any and all claims and causes of action which may
be made on account of any damages to persons whether in the
employ of the contractor or otherwise."

In the specifications, under the heading "Accidents, etc.,"
it is provided:

"Light, watch, and inclose dangerous places; provide strong
scaffolding; employ only careful workmen; and use diligence to
obviate any accident or injury to persons or their property upon
the building, the owners of adjoining premises, streets, or alleys,
during the prosecution of the work, and until those improvements
are finished and accepted; discharge any claim of this character,
and the contractor must relieve the owner of any responsibility
in this connection."

The Campbell Company entered upon the erection of and
completed the building as provided by the terms of the con-
tract. In the construction of the building, in placing the
foundation, it was necessary to excavate to the depth of 12
or 14 feet. The drawings accompanying the specifications
called for this excavation. Such work was therefore neces-
sarily included within the terms of the contract.

The plaintiff, Susan Moore Allen, owned property abut-
ting on the line of the excavation. Her east line became and
was the west line of the building constructed. The plans con-
templated excavating to the west line of the McDonald Com-
pany property. Mrs. Allen had a building on her property,
and the space between the rear of her building and the west
line of the McDonald Company premises was approximately
4 feet. After the completion of the building, Mrs. Allen in-
stituted action against the McDonald Company and the
Campbell Company in the district court of Salt Lake county
for injury to her building claimed to have resulted from re-
moving the lateral support on the soil on which her building
stood. Trial was had upon that issue, which resulted in a
verdict in favor of the plaintiff and against both defendants.
Action was originally instituted against the McDonald Com-

pany alone, but, by amendment, the Campbell Company was made a party defendant.

In that trial the court, in submitting the question to the jury, instructed as follows:

"The court instructs the jury that the natural right which defendants had to make an excavation upon the McDonald property for the purpose of erecting the building thereon does not entitle defendants to excavate into or take away, or cause the ground of plaintiff in its natural condition substantially to cave or fall away, and if you believe from the evidence that the defendants excavated or took away, or caused the ground of plaintiff in its natural condition substantially to cave or fall, and that such excavation or caving of her property in its natural condition was such in extent that by reason thereof, and not by reason of the weight of her building, her said building standing to the west of the line of her property was substantially affected thereby and damaged, then plaintiff is entitled to recover such damages, if any, she has alleged and proved, in accordance with the instructions of the court."

No appeal was taken by either defendant from the judgment entered upon the verdict of the jury.

During the pendency of the action, and before the verdict of the jury was returned, the McDonald Company and the Campbell Company entered into a stipulation, by which it was agreed that in the event the jury rendered a verdict for Mrs. Allen against the defendants, before entering the judgment upon the verdict, the defendants might offer evidence, and try the issue as to whether or not one of the said defendants is primarily liable as principal and the other secondarily liable as surety on said judgment. It was further stipulated that in the event the court would not permit the trial of that issue before the entry of judgment after the verdict the defendants might, in this action or in any other proceeding, try and determine as between themselves which party is primarily liable, as principal, for the payment of the judgment, and which party is liable secondarily as surety; and that neither party, by virtue of the stipulation, should in any manner be prejudiced by its failure to present evidence to the jury of its nonliability. After the entry of judgment, the McDonald Company and the Campbell Company, by proper pleadings, presented the question to the court as to which of

said defendants was primarily liable for the judgment rendered in the original action.

The court, sitting without a jury, heard that phase of the case, and made findings, and entered judgment holding the Campbell Company primarily liable, and directing that judgment be entered against the Campbell Company in favor of the McDonald Company, in the event the McDonald Company was required to pay the judgment in favor of Mrs. Allen. From that judgment or order of the court this appeal is prosecuted.

The court, among other things, found that the Campbell Company was an independent contractor; that by the terms of the contract it undertook and agreed to hold the McDonald Company harmless against any injury or damages, not only to the person, but the property of adjoining landowners.

Much of counsel's brief is devoted to the question as to whether the Campbell Company was an independent contractor. We see no reason to disturb the finding of the court in that respect. In our judgment it is immaterial whether the Campbell Company be considered an independent contractor or agent or representative of the owner, the McDonald Company. The duties and obligations of the parties must be determined and measured by the language of the contract. Necessarily, in the construction of this contract, the usual rule that controls courts in determining the meaning of contracts should be applied. As said in *Boston & M. R. R.* v. *Brackett*, 71 N. H. 494, 53 Atl. 307:

"For this purpose 'the situation of the parties, their general purpose in the transaction, and all apparent circumstances connected therewith, are competent evidence of the intention expressed by particular words and phrases.' *Kendall* v. *Green*, 67 N. H. 557, 563, 42 Atl. 178, 180."

The contract contemplated and required the excavation actually made by the contractor. The parties to that contract must be presumed to have understood, and known that, if in doing that work they removed the lateral support of an adjoining building and the building should be injured, both the McDonald Company and the Campbell Company would be responsible to the owner of the injured building for the

damages sustained. The language of the contract is definite and specific that the Campbell Company would "discharge any claim of this character, and the contractor must relieve the owner of any responsibility in this connection."

The findings of the jury in the original action are conclusive upon both defendants that in making this excavation—

"the defendants excavated or took away, or caused the ground of plaintiff in its natural condition substantially to cave or fall, and that such excavation or caving of her property in its natural condition was such in extent that by reason thereof, and not by reason of the weight of her building, her said building standing on the west of the line of her property was substantially affected and damaged thereby."

The language of the contract, and that of the specifications which were made a part of the contract, considered in connection with the nature of the work required by the specifications, leads to but one conclusion. That conclusion is that it must have been within the contemplation of the parties that the Campbell Company would be responsible to the owner for injury of the nature claimed to have been suffered by Mrs. Allen and which the jury found that she did suffer.

There is no question of negligence now before this court. In fact, there was none before the district court. There is no substantial evidence that the Campbell Company was guilty of any negligence in making the excavation. On the contrary, the McDonald Company in its answer to Mrs. Allen's complaint affirmatively alleged that the Campbell Company, in carrying out its contract, exercised due care in the making of the excavation, and used all precaution to support the ground adjoining the excavation.

It may· be, and is, contended that the injury sustained by Mrs. Allen was the result of doing the work, and not chargeable to any negligence or other method in the performance of that work. We are not called upon to determine whether, under a state of facts such as that in the absence of contract, the Campbell Company would be primarily liable. We are determining in this case that by the express provision of the contract the Campbell Company undertook and agreed to save the McDonald Company harmless against any claim of that nature. The order of the court in amending the verdict

rendered by the jury in the original action is claimed to be ground for reversal, and also the failure of the court to reopen the case and hear additional evidence tendered by the Campbell Company.

The court had the power, in our judgment, to make an order correcting the judgment so as to make it effective against both defendants, if any such order was necessary. Both the McDonald Company and the Campbell Company tried the case upon the theory that Mrs. Allen had sustained no damage; that the excavation did not remove or inter-  **2, 3** fere with the lateral support of the soil, and that, if any damages were sustained, it was due not to the excavation, but to the inherent weakness of her own building. Whether the court should have reopened the case was a matter in the discretion of the trial judge. It not appearing that the refusal to reopen the case was an abuse of that discretion, this court will not interfere with the order.

Judgment affirmed. McDonald Company to recover costs on appeal.

WEBER, C. J., and THURMAN and CHERRY, JJ., concur.

FRICK, J., did not participate herein.

On Application for Rehearing.

GIDEON, J.

In a petition for rehearing it is insisted that this court, by the decision in this case, in effect held that the McDonald Company is entitled to indemnity for the mere erection of a building resulting in injury to the plaintiff, the owner of adjoining property.

Certain statements contained in the opinion are relied upon as a basis for that contention. Among others, the following: "There is no substantial evidence that the Campbell Company was guilty of any negligence in making the excavation."

That statement was not necessary or controlling in the de-

termination of the question presented by the appeal. It was, at most, but the opinion of the writer that in his judgment there was little, if any, testimony upon which the jury returned a verdict in plaintiff's favor. The jury, by its verdict, however, determined that damages to the plaintiff's property resulted from one of two causes: (a) That the defendants—McDonald Company and Campbell Company—caused the ground of plaintiff—Mrs. Allen—in its natural condition substantially to cave or fall away, or (b) that defendants excavated into or took away plaintiff's ground. The finding of the jury is conclusive upon both defendants.

No claim was made, nor is there any evidence in the record, that the plans and specifications were defective, or that in constructing the building it was required or necessary to trespass upon Mrs. Allen's property. The Campbell Company was employed to construct the building per plans and specifications. It did so construct the building. The Campbell Company also agreed, as part of the consideration, to hold the owner—McDonald Company—harmless from any damages resulting to adjoining property. As stated, the jury determined that the injury resulted from one of two causes, or from both causes. We held in the opinion that the Campbell Company, by its contract, had agreed to protect the McDonald Company from any damages resulting from either of those causes.

Notwithstanding the elaborate and able brief of counsel for the Campbell Company on the petition for rehearing, we see no reason for changing our views.

Petition for rehearing denied.

WEBER, C. J., and THURMAN, and CHERRY, JJ., concur.