WASATCH OIL REFINING CO. v. WADE, Judge, et al.

No. 5760. Decided December 30, 1936. (63 P. [2d] 1070.)
Rehearing Denied July 26, 1937.

52

*Henry D. Moyle, M. E. Wilson,* and *Robert C. Wilson,* all of Salt Lake City, for plaintiff.

*Willard Hanson, E. R. Christensen, A. J. Mays,* and *D. N. Straup,* all of Salt Lake City, for defendants.

FOLLAND, Justice.

This is an original proceeding for the purpose of obtaining writ of mandamus to compel the Judge of the District Court of Davis County to make and file findings of fact, conclusions of law, and decree in a suit now pending wherein Jos. C. Wood and the others named herein as defendants, other than the District Judge, were plaintiffs, and the plaintiff herein, Wasatch Oil Refining Company, was the defendant, and in addition thereto to obtain a writ of prohibition against the District Judge to prevent him from entering upon the trial of said cause for the purpose of determining the question of damages, if any, sustained by the separate and individual plaintiffs in said action. The matter is submitted on petition of plaintiff and the demurrer and answer of defendants.

The petition and answer are lengthy, and it is unnecessary to set them out in full. The undisputed facts shown are that the Wasatch Oil Refining Company is a Utah corporation which owns, and since December, 1931, has operated, an oil refining plant for the purpose of distilling and producing gasoline from crude oil at Woods Cross in Davis County. The nineteen defendants, other than the District Judge, are owners of sixteen separate tracts of land located in the vicinity of and within 150 to 1,500 feet distant from the oil refining plant. These persons, in August of 1933, commenced suit in the District Court of Davis County to obtain an injunction against the operation and maintenance of the refining plant on grounds of nuisance. There were allega-

tions of loud and continual noises; pollution of the air by injurious smoke, fumes, gases, and odors; the existence of peril and danger by the maintenance of inflammable and explosive substances thereof, making living on plaintiffs' premises undesirable, unsafe, uncomfortable, and dangerous. The cause was tried to the court during 27 court days. The trial judge, after submission and argument, entered oral and written opinions to the effect that the community wherein the plant was located was not residential in character, that he would not wholly enjoin the operation of the plant, and requested counsel to prepare findings of fact, conclusions of law, and decree. Counsel for the refining company prepared proposed findings, conclusions, and decree as did also counsel for plaintiffs in that cause, and in addition thereto filed objections to the proposed findings of the refining company, all of which were noticed for hearing and determination on the 9th of September, 1935. Prior to said date plaintiffs below gave notice to the defendant that they would, on said date, apply to the court for leave to reopen the cause and to file amendments to the complaint for the purpose of having the court determine the amount of damages plaintiffs had suffered by reason of the erection, maintenance and operation of the refining plant, and to postpone determination of the right of plaintiffs to injunctive relief until the issue of damages be determined. They served on the attorneys for the refining company a copy of the proposed amendment to the complaint, including amendment to the prayer that "in the event that the court will not grant an injunction then plaintiffs pray that they be awarded damages," and specified the amount claimed by each of the several defendants amounting in all to $99,250. The refining company objected to the reopening of the case and the filing of the proposed amendments to the pleadings and moved the court to then and there make its findings, conclusions, and decree denying plaintiffs any equitable relief. After argument the court granted the motion to reopen the case and permitted the proposed amendments to be made

and filed and overruled defendant's objections thereto, and also denied the motion of the refining company to then and there make findings, conclusions, and decree. Counsel for plaintiffs stated to the court it was not their intention to introduce further evidence on the question of whether they should have an injunction enjoining the operation and maintenance of the refining plant. Thereupon defendant filed a demurrer to the amended complaint on the ground, among others, that as to the legal relief asked for the complaint contains causes of action in favor of individual plaintiffs, and that each individual plaintiff was improperly joined with the other plaintiffs, that the causes of action for damages were individual rather than joint, and were improperly and unlawfully joined in the complaint; and also moved that a decree be entered as to the equitable issues theretofore tried, or that the complaint be dismissed without prejudice to the rights of the plaintiffs and to each of them to bring separate actions at law for such wrongs as they complained of, such defendant contending that the court had no power to allow amendments to the complaint transforming the equitable suit for injunction into a legal action for damages. The demurrer was overruled and the motion denied, and the court announced he would fix a day for the further trial of the cause as it might relate to the matter of damages. Defendant then filed a supplemental answer pleading: (1) Want of jurisdiction in the trial court to hear and determine the issue of damages, and that the trial court had lost jurisdiction of the cause for all purposes except that of making, signing, and entering findings of fact, conclusions of law and decree; (2) misjoinder of parties plaintiff as to damages, that there was an unlawful joinder of parties plaintiff, and that many causes of action had been improperly united and joined; (3) denial that plaintiffs or any of them had suffered damages by reason of any conduct of defendant.

The petition of the refining company, in addition to reciting in greater detail the facts above summarized, alleged in

substance that the suit now pending in the District Court of Davis County is, in legal effect, so far as the question of damages is concerned, sixteen different causes of action, and that the refining company is entitled to a separate jury trial as to each cause of action, and that it is unlawful and improper to try said cause of action as one in equity after the court had determined the community wherein the refining plant was located was not residential in character, and had denied all equitable relief; that unless restrained and prohibited by this court the trial court would proceed in said cause to hear and determine "the new issues as to damages now pretended to be raised," and determine the right of each plaintiff to recover what damages he may individually have sustained; that it has no plain, speedy, or adequate remedy in the premises, and prays this court to issue its writ of mandate directing the presiding judge of the District Court of Davis County to make, sign, and file findings, conclusions, and decree in said cause without in any manner undertaking to determine damages to each individual plaintiff, and that this court also issue its writ of prohibition prohibiting the trial court from in any manner proceeding to determine the question of damages or the doing of any matter or thing in said cause other than to make, sign, and file its findings, conclusions, and decree.

On the filing of the petition, alternative writs of mandamus and prohibition were issued by this court wherein the trial court was commanded and prohibited as prayed, and to show cause why the writs should not be made permanent. Defendants herein filed a demurrer and answer. The demurrer is on the following grounds: That sufficient facts are not alleged to show want or excess of jurisdiction in the District Court with respect to any of the matters or proceedings alleged or sought to be prohibited; that plaintiff has an adequate and speedy remedy in the course of law on appeal; that to properly pass on and determine the matters and things alleged requires a review of the proceedings had in the District Court and a certification of the record to this

court; that the facts are not sufficient to entitle plaintiff to a writ of mandate or to show that the court abused its discretion in deferring the making of findings, conclusions, and decree until the whole cause was heard and determined, or that it was the plain duty of the court to make findings, conclusions, and decree with respect to the part of the proceedings heard in the cause, or that there was an abuse of discretion in reopening the case to permit additional evidence with respect to the question of damages, nor were sufficient facts alleged to show that when a court of equity has acquired and assumed jurisdiction of the cause, such court has not jurisdiction of the cause for all purposes including the granting of equitable or legal relief, or both.

A lengthy answer also was filed admitting and denying allegations of the petition and setting out more fully quotations from the pleadings and proceedings in the trial court and from the written opinion of the trial judge. Neither the petition nor the answer sets forth the pleadings in the District Court nor the oral or written opinions of the court, and there is no bill of exceptions showing the evidence adduced and proceedings had at the trial of the cause.

Undoubtedly a writ of mandate will issue to compel a district judge to make and enter findings of fact, conclusions of law, and decree or judgment in a case fully tried and submitted. *Benson* v. *Ritchie*, 44 Utah 59, 138 P. 136; *Ketchum Coal Co.* v. *District Court*, 48 Utah 342, 159 P. 737, 4 A. L. R. 619. The trial judge may not arbitrarily keep the case under advisement for an indefinite period of time. The statute provides that on a trial of questions of fact by the court his decision must be in writing and filed with the clerk within thirty days after the case is submitted for decision. Section 104-26-2, R. S. Utah 1933. This statute has been held to be directory and a failure to make and file a decision within thirty days does not divest the court of jurisdiction to make and file its decision after the expiration of the thirty-day period. *Headlund* v. *Daniels*, 50 Utah 381, 167 P. 1170. This rule, however, is not appli-

cable here because the trial court has not failed or refused to proceed with the cause to a final determination, but has taken steps and made orders indicating an intention to complete the trial of the cause and bring it to a final conclusion.

The writ of prohibition will lie from this court to prohibit the trial judge from attempting to exercise a jurisdiction which he does not possess or from exercising a power not authorized by law. Jurisdiction does not depend on the regularity of the exercise of power or on the rightfulness or correctness of decisions made, but is the power to hear and determine the matter in hand. *Atwood* v. *Cox*, 88 Utah 437, 55 P. (2d) 377; 15 C. J. 729.

The question before us is one of jurisdiction. If the trial court was acting within its jurisdiction, even though an erroneous exercise of its powers, neither a writ of mandamus nor of prohibition would properly lie. The court had jurisdiction of the parties and of the cause and concededly proceeded within jurisdiction up to the time plaintiffs' motion was made to reopen the case for the purpose of taking evidence and determining the question of whether or not plaintiffs were entitled to damages, and the amount of damages, if any, to which they or either of them might be entitled. Under the facts shown, was the court without jurisdiction to reopen the case for the purpose indicated? That is the crux of this decision. Ordinarily the trial court has full control over the trial of the cause up to the time of entry of judgment and after judgment where motion for a new trial is timely made, and even later under some circumstances and within a limited time. *Lund* v. *Third Judicial District Court*, 90 Utah 433, 62 P. (2d) 278. The trial court has discretion to reopen a case after trial and submission, and in some circumstances even after judgment and has a broad discretion in the matter of amendments to pleadings. *Johnson* v. *Brinkerhoff*, 89 Utah 530, 57 P. (2d) 1132.

A motion to reopen a case for the purpose of introducing further evidence is addressed to the sound discretion of the

court, which will be liberally exercised in behalf of allowing the whole case to be presented, and the granting or refusing of such motion will not be interfered with in the absence of a showing of abuse of discretion. 64 C. J. 158; *Allen* v. *J. G. McDonald Chocolate Co.*, 62 Utah 273, 218 P. 971; *Musgrave* v. *Studebaker Bros. Co. of Utah*, 48 Utah 410, 160 P. 117. The case may be reopened after the trial is closed, formal decision announced, and findings of fact proposed. *Thorne* v. *Joy*, 15 Wash. 83, 45 P. 642; *Bazet* v. *Nugget Bar Placers*, 211 Cal. 607, 296 P. 616; *Carr* v. *International Indemnity Co.*, 58 Cal. App. 614, 209 P. 83. This court has, in an equity case, reversed the judgment where equitable relief had been granted and remanded the cause for a new trial directing the District Court to permit amendments to pleadings so as to make an issue with respect to damages and to try the cause on a theory different from that originally pleaded. *Barboglio* v. *Gibson*, 61 Utah 314, 213 P. 385; *Kinsman* v. *Utah Gas & Coke Co.*, 53 Utah 10, 177 P. 418; *Summers* v. *Provo Foundry & Mach. Co.*, 53 Utah 320, 178 P. 916. In each of these cases the cause was tried first on equitable issues, and on appeal the equitable relief was denied and the cause held for further disposition with respect to the question of damages.

The trial court has not made findings of fact nor conclusions of law, nor has it made or entered any decree or judgment. All that the trial judge has done in this respect has been to state his view in writing and orally and has directed findings to be drawn by counsel. It follows that no decision has as yet been made or entered by the court. The oral and written opinions cannot be looked to to ascertain what the court has found or decided. The findings of fact, conclusions of law, and decree when made and filed must alone be looked to for that, and when these are made or entered they cannot be qualified or limited by any prior oral or written opinion by the judge. *Grand Central Min. Co.* v. *Mammoth Min. Co.*, 29 Utah 490, 83 P. 648; *Victor*

*Gold & Silver Min. Co.* v. *National Bank of the Republic,* 18 Utah 87, 55 P. 72, 72 Am. St. Rep. 767; *Miller* v. *Marks,* 46 Utah 257, 148 P. 412. After judgment is duly made and entered, when an opinion by the trial court is settled in a bill of exceptions and made part of the record on appeal, it may be looked into to ascertain the reason for the decision although it amounts to no judicial finding of fact and has no judicial effect whatsoever. *Utah Commercial & Sav. Bank* v. *Fox,* 44 Utah 323, 140 P. 660; *Headlund* v. *Daniels,* 50 Utah 381, 167 P. 1170. There is no decision until findings of fact, conclusions of law, and decree or judgment are signed by the judge and filed with the clerk. *Emerson-Brantingham Implement Co.* v. *Stringfellow,* 57 Utah 284, 194 P. 340; *Wayland* v. *Woolley,* 61 Utah 287, 213 P. 200.

Most of the principles of law which we have announced above are not disputed, but we state them as laying a foundation for what will be hereafter said. This brings us to the particular issue on which the parties divide. Plaintiffs brought suit in the District Court for the purpose of enjoining the maintenance and operation of the oil refining plant on the theory that it was a nuisance. The prayer was for an injunction against the further operation of the plant and for "such other and further relief as may be just and equitable." No damages were specifically prayed for. The cause was tried as an equitable case. No evidence of specific damages to the individual defendants or their lands was introduced. It is the contention of plaintiff that under the circumstances disclosed by the record the trial court lost jurisdiction to do more than to make, sign, and enter findings of fact, conclusions of law, and decree on the record already made up to the time when the motion to reopen the case was presented, and that in granting such motion the court exceeded its jurisdiction. Defendants contend it was lawful and proper for the court to grant the motion to reopen the case and to permit amendments to the complaint, and to proceed with a further trial of the cause to a determination of the question of damages, that

if it should be determined that the court wrongfully permitted the reopening of the case and the filing of amendments to the complaint, yet this was mere error reviewable on appeal and is not in any sense the exercise of a power without or in excess of jurisdiction. Plaintiff's argument is bottomed on the theory that the trial court has already decided no nuisance has been established in the case made by the plaintiffs below. If this premise is correct, the argument of counsel for the refining company is sound because after such a finding there would be no basis for the continuing jurisdiction of a court of equity. The major premise on which counsel for plaintiff here base their case must fail for the reason that the trial court has made no findings and has entered no judgment and the case by him has been reopened for introduction of further evidence. The case is not yet ended. We are not able to know whether any findings of fact the court might make would support a judgment for damages either independent of, in substitution for, or in addition to any equitable relief which might be granted. We do not know whether the trial court will award damages or if he does whether such judgment would be supported by the pleadings or the court's findings or by the evidence. Nor do we know whether the court will find that there was no nuisance proved—no cause for injury or damages. The very fact that the court permitted an amendment for damages is an indication that it believed there was injury, although not such as to warrant injunction of the entire operation of the plant. While it is true that it is alleged in plaintiff's petition that the court has announced his decision that he will not grant an injunction enjoining the operation of the plant, it is nevertheless alleged in defendants' answer, and not denied, that the court also stated in his opinion,

"However, I am of the opinion that in view of the evidence it is incumbent upon the defendant to operate its plant so that it will be of as little annoyance to the plaintiffs as modern methods, equipment and improvements can make it, and in view of that fact, the court should enjoin defendant from operating its cleaning-out process without the use of a silencer,"

that the company should be restrained from operating its plant with high sulphur crude oils, and that it should operate it with what was designated as sweet crude oils, and also "if there is any other injunctive relief which counsel for plaintiffs feel they have showed themselves entitled to short of enjoining the operation of the plant, the court will be glad to consider suggestions along that line." The court further said, and this was undoubtedly taken as an invitation to reopen the case and amend the pleadings:

"In making this decision the court has not taken into consideration or attempted in any sense of the word to determine the amount of any damages which have resulted to the plaintiffs for the reason that plaintiffs have not asked for any damages in their complaint. And in this statement, the court does not wish to express an opinion as to whether or not plaintiffs would be entitled to damages, either in this action or any other action, if circumstances were placed so that that was made an issue in the case."

The trial judge referred to the case of *Kinsman* v. *Utah Gas & Coke Co.*, 53 Utah 10, 177 P. 418, and seemed of the opinion that in this case he should follow the rulings of this court in that case. In the Kinsman Case, 59 persons joined as plaintiffs in a suit to enjoin the operation of a gas plant. After trial the court made findings of fact, concluded the plant was a nuisance and should be enjoined, and entered a decree enjoining the operation of the plant after a specified date. On appeal this court sustained the findings of fact made by the trial court but held that the restraining order should not be granted against the operation of the plant because of delay of plaintiffs in bringing the suit but that the plaintiffs should have money damages in substitution for any equitable relief to which they were found entitled, and which would have been granted but for laches on their part. The Kinsman Case stands for this: That where the evidence shows actionable nuisance but there is an intervening fact such as delay on the part of plaintiff in bringing the suit so that the equity court will not enjoin the operation of the plant, damages will be assessed in lieu

of equitable relief and that such damages will be fixed by the court in the exercise of its equity jurisdiction. The Kinsman Case cannot now be disregarded and we have no desire to reverse or qualify any of the principles for which it stands. It has been affirmed and reaffirmed as to one or more of the principles announced therein in the following cases in this court: *Utah Oil Ref. Co.* v. *District Court*, 60 Utah 428, 209 P. 624; *Thackery* v. *Union Portland Cement Co.*, 64 Utah 437, 231 P. 813; *Madsen* v. *Bonneville Irrigation Dis.*, 65 Utah 571, 239 P. 781; *Trenchard* v. *Reay*, 70 Utah 19, 257 P. 1046; *McMonegal* v. *Fritsch Loan & Trust Co.*, 75 Utah 470, 286 P. 635; *Norback* v. *Board of Directors of Church Extension Soc.*, 84 Utah 506, 37 P. (2d) 339.

Counsel for plaintiff acknowledge the rule which permits a court of equity, having jurisdiction of a cause because of the existence of some ground of equitable jurisdiction, to retain control of the cause for the purpose of doing complete justice between the parties and to afford relief of a character which, in the first instance, is only obtainable in a law action, but insist that this can be done only when some special or substantial ground of equitable jurisdiction is alleged and proved in the hearing. See note, 61 A. L. R. 924. It is contended that legal relief in the way of damages cannot be awarded where, notwithstanding allegations of a cause of action in equity, the proof fails to support the same, and the court has decided that no equitable relief is permissible. It is said here that the complaint charged a nuisance and plaintiffs prayed for an injunction, but that the court has now decided on the facts shown that an injunction ought not to be granted and has refused to enjoin the operation and maintenance of the plant; that, therefore, the equitable grounds of jurisdiction having failed of proof, the court is without jurisdiction to award damages, if any be proved, because damages in an equity suit can be given only as a substitute for or in addition to equitable relief. We have already mentioned why this argument must fail.

Holding as we do that the court has not yet made its decision and is not arbitrarily withholding a decision beyond the time directed by statute but has undertaken to try the cause to a finish, it is unnecessary to decide in advance the merits of the controversy. That is first for the trial court to decide by findings of fact, conclusions of law, and judgment. We may, however, suggest the following general observations with respect to the difficult and delicate subject of the distinctions between law and equity jurisdiction, and how the courts should proceed with reference thereto: In this State the Constitution provides, article 8, § 19:

"There shall be but one form of civil action, and law and equity may be administered in the same action."

See sections 104-1-2, 104-7-3, 104-9-5, R. S. Utah 1933. Matters purely legal and purely equitable may thus not only be determined in the same forum, but they may be tried and determined in the same proceeding or action. *Ketchum Coal Co.* v. *District Court of Carbon County*, 48 Utah 342, 159 P. 737, 4 A. L. R. 619. The substantive distinctions between law and equity actions are not abolished, for if both remedies continue to be applied the distinction remains. Distinctions as to form are eliminated so that no particular form of action or proceeding is necessary or required in order to obtain equitable or legal relief, or both, on appropriate pleadings in a court having jurisdiction of the subject-matter. *Volker-Scowcroft Lumber Co.* v. *Vance*, 36 Utah 348, 103 P. 970, 24 L. R. A. (N. S.) 321, Ann. Cas. 1912A, 124; *Morgan* v. *Child, Cole & Co.*, 41 Utah 562, 128 P. 521; *Utah Ass'n of Credit Men* v. *Jones*, 49 Utah 519, 164 P. 1029; Bliss on Code Pleading (3d Ed.) § 10, p. 14.

Where a case is brought in equity, and the proved facts support the allegations of the complaint entitling plaintiff to equitable relief, the court having obtained jurisdiction over the cause will, in the exercise of its equity jurisdiction, proceed to decide the whole issues and

award complete relief, although the rights of the parties may be strictly legal. That is to say, damages will be awarded in substitution for or in addition to equitable relief. The rule is stated in 20 R. C. L. 483 as follows:

"According to a settled principle, a court of equity, acquiring jurisdiction for the purpose of abating a nuisance, will also, upon proper averments, extend such jurisdiction to the ascertainment and determination of the damages suffered by reason of the nuisance. Having assumed jurisdiction to grant relief in such a case, the chancery court will retain the bill and proceed to do complete justice between the parties, without remitting them to a court of law for an adjustment of damages, to which the complainant may be entitled by reason of the creation and maintenance of the nuisance."

See, also, *Kinsman* v. *Utah Gas & Coke Co.*, supra; *Knox* v. *Reese*, 149 Ga. 379, 100 S. E. 371; *Harrisonville* v. *W. S. Dickey Clay Mfg. Co.*, 289 U. S. 334, 53 S. Ct. 602, 77 L. Ed. 1208; *Lewis* v. *Pingree Nat. Bank*, 47 Utah 35, 151 P. 558, L. R. A. 1916C, 1260; *Dobler* v. *Smith*, 147 Okl. 20, 294 P. 1089; *City of New York* v. *Pine*, 185 U. S. 93, 22 S. Ct. 592, 46 L. Ed. 820; *Keppel* v. *Lehigh Coal & Nav. Co.*, 200 Pa. 649, 50 A. 302; *Case* v. *Minot*, 158 Mass. 577, 33 N. E. 700, 22 L. R. A. 536; note, 61 A. L. R. 924.

Where the case is one in equity, the rule that equity having once taken jurisdiction of the cause will retain it for the purpose of administering full and complete relief, does not apply when the facts relied on to sustain equity jurisdiction entirely fail of establishment. This rule is well stated in 10 R. C. L. 372, as follows:

"While it is true that a court of equity, having once obtained jurisdiction of a cause, will retain it for all purposes and administer complete relief, it is generally conceded, despite the existence of a few opposing decisions, which may be characterized merely as variants from the general rule, that in order to authorize relief which can be obtained in a suit at law there must be some substantial ground of equitable jurisdiction, and if there is no equitable ground of jurisdiction and the remedy sought can be as well obtained in an action at law, a court of equity cannot retain jurisdiction and grant a purely legal remedy. Mere statements in a bill on which the chancery juris-

diction might be maintained, but which are not proved, will not suffice to authorize a decree on such parts of the bill as, if standing alone, would not give the court jurisdiction, but to justify the retention of a cause not only must some special and substantial ground of equitable jurisdiction be alleged, but it must also be proved on the hearing."

See, also, *Wyoming Coal Sales Co.* v. *Smith-Pocahontas Coal Co.*, 105 W. Va. 610, 144 S. E. 410, 62 A. L. R. 740; *Wimer* v. *Wagner*, 323 Mo. 1156, 20 S. W. (2d) 650, 79 A. L. R. 1231; see note, 19 L. R. A. (N. S.) 1064.

Where the cause of action is one to establish legal rights and equitable relief is demanded incidental thereto, and which can be given only after the law issues are determined, the case will be tried as a law action and the parties will be entitled, if proper and timely demand be made therefor, to a jury trial as to such issues. *Norback* v. *Board of Directors of Church Extension Soc.*, supra; *Koeper* v. *Town of Louisville*, 109 Minn. 519, 124 N. W. 218; *Reynolds* v. *Warner*, 128 Neb. 304, 258 N. W. 462, 97 A. L. R. 1128.

Where, as in this State, legal and equitable remedies may be granted by the same court if, after failure of proof to support the allegations in the complaint entitling plaintiff to equitable relief, enough remains in the complaint to make out a cause of action at law, the court will be justified in retaining the cause for final disposition, but the case should be tried as a law action and either party making timely and proper demand for a jury would be entitled thereto. *Park* v. *Wilkinson*, 21 Utah 279, 60 P. 945; *Stockhausen* v. *Oehler*, 186 Wis. 277, 201 N. W. 823. In *Barboglio* v. *Gibson*, supra, the court held plaintiff not entitled to equitable relief but remanded the cause with permission to reframe the pleadings so as to make an issue as to damages, and to proceed to try that issue. Not anything was there said respecting whether the parties were entitled to a jury trial, but the rule announced in the cases cited above would indicate that on a retrial on law issues a jury trial would be proper.

Where, however, the case is one of equity jurisdiction and the question of damages is before the court, to be granted if proved, either in substitution for or in addition to equitable relief, the denial of a jury trial is ■ not the denial of any legal right. *Weininger* v. *Metropolitan Life Ins. Co.,* 359 Ill. 584, 195 N. E. 420, 98 A. L. R. 169; *Rhoades* v. *McNamara,* 135 Mich. 644, 98 N. W. 392; *Jacob* v. *Schiff* (Sup.) 149 N. Y. S. 273.

All questions respecting the character of the case, misjoinder of parties, and whether the parties or either of them may be entitled to a jury, amendments to pleadings, reopening of the case after submission, are questions within the jurisdiction of a court exercising either law or equity powers or both. The trial court having jurisdiction of ■ ■ the parties and the subject-matter, its rulings with respect to such matters are within its jurisdiction and may be reviewed and corrected, if erroneous, on appeal. This is true of the court's ruling with respect to the claimed misjoinder of parties plaintiff. It would follow from what has been said that if this cause is one where damages may be allowed in addition to or in substitution for equitable relief, there is no misjoinder of parties plaintiff. *Kinsman* v. *Utah Gas & Coke Co.,* supra. On the other hand, if the court should find there is no basis whatever in the evidence for the claimed equitable relief, and the cause becomes one for trial as a law action, there is a misjoinder of parties plaintiff, since the plaintiffs have not joint or common interest in damages sustained by each other. If it shall be found that there is no actionable nuisance for which damages may be awarded, the court will so declare as was done in the case of *Dahl* v. *Utah Oil Ref. Co.,* 71 Utah 1, 262 P. 269.

Counsel for plaintiff urges that the trial court should be required to make findings of fact, conclusions of law, and decree with respect to the equitable issues before proceeding to try out any question of damages and intimates that when this is done an appeal may then be had ■ from such decree and the rights of the parties settled

on appeal before the legal issues are heard or determined. It will be sufficient to suggest that under our Constitution and statutes an appeal will lie only from final judgments. In *North Point Consol. Irr. Co.* v. *Utah & Salt Lake Canal Co.*, 23 Utah 199, 63 P. 812, 813, it was stipulated the rights of the parties should be first determined by an adjudication of the equitable issues to be followed by a determination of the question of damages. The trial court found for the defendant on the equitable issues and entered a decree to that effect. This decree on appeal was set aside and the cause remanded. On a second appeal, the court very properly indicated that a decree was not final until the issues as to damage had been tried and decided, but that the determination of the rights of the parties by the decree being against the plaintiff, it was a final decree. The court said:

"The first decree was final, as it disposed of the litigation between the parties against the plaintiff, and an appeal would lie from that judgment. If the plaintiff had no equitable rights under the complaint, it would follow that it was entitled to no damages, as the latter were predicated upon the former."

So, in this case, if the trial court should find that there were no ground whatever for equitable relief and if the claim for damages were predicated on plaintiffs being able to establish their rights to such equitable relief, ■ then the case would be ended when the court so decreed; but if the court should find and decree that there was some equity in plaintiff's demands and that damages should be awarded in substitution for or in addition to such equitable relief, then the decree would not be a final decree until the question of damages is heard and determined. This in effect was the holding in *Gibbs* v. *District Court of Third Judicial Dist.*, 86 Utah 314, 44 P. (2d) 504, 505, where the court said:

"The trial judge announced his views as to certain issues, but not having made findings or entered a decree, the whole matter is still before him, and he may reach a different conclusion when the case

is finally submitted. The manner in which he proceeds with the trial is discretionary and within jurisdiction. His discretion may not be controlled by this court."

It is necessary that the writs heretofore issued be quashed and that this court decline to make such writs permanent for the reason, chiefly, that the proceedings are premature in this court. We are unable to know what the trial court will do in the way of making findings. While it has declared that it would not enjoin the entire operation of the plant, it has indicated that some equitable relief may be granted. It must be presumed that it will follow the law unless something is made to appear to the contrary. The case is still within its power and it may make and enter findings different from or contrary to the views it has announced in its informal opinions. The trial court has control over the cause until it is finally ended by judgment; that is to say, it is within the trial court's discretion to reopen the case after submission, to permit amendments to pleadings and to take further evidence. There are declarations in the opinion of the trial judge, on which plaintiff here rests its case very largely, which if crystallized into a definite decree might afford a solid foundation for its argument. It is entirely too early to predict what the court's findings and decree will be. We are satisfied that the trial court has acted within jurisdiction, and if it has proceeded wrongly that it has merely committed error which may be reviewed and corrected on appeal.

The alternative writs of mandamus and prohibition heretofore issued are hereby recalled and quashed, and the prayer in the petition for the issuance of a permanent writ of mandamus and prohibition is hereby denied. Costs to defendants.

ELIAS HANSEN, C. J., and EPHRAIM HANSON and MOFFAT, JJ., concur.

WOLFE, J., concurs in the results.